## HARRIS v. TAYLOR et als.

PLAINTIFF sues defendants for partition of certain property. The Court orders a sale of the property, and distribution of the proceeds. After the sale, G. files a petition, stating that he is creditor of one F. M. Harris, (not plaintiff) and has an attachment lien on the interest of said F. M. Harris in the property sold ; that said property, in fact, belonged to F. M. Harris, and that any conveyances of the same from him to plaintiff were merely colorable for the use and benefit of F. M. Harris, and made to hinder, delay and defraud his creditors. G. asked the Court to pay him the share of the proceeds of the partition sale coming to plaintiff. Court refused. *Held*, that there was no error; that the petition of G. being an attempt to defeat a conveyance to plaintiff, on the ground of fraud, is insufficient in this, that there is no allegation of the insolvency of F. M. Harris, and that the charges of fraud are too general, and do not state the specific facts constituting the fraud.

A conveyance in such case, however fraudulent as to creditors, may be good between the parties, and creditors cannot impeach it without showing that they have been injured by it; they must show, that by the conveyance they have been deprived of their remedy at law, and are compelled to resort to equity. If the debtor have other property which may be reached by ordinary legal remedies, equity will not interfere. It must be affirmatively shown that such remedies have been exhausted, or that a resort to them would be fruitless.

APPEAL from the Seventeenth District.

John Harris, the plaintiff, on the twenty-ninth October, 1859, filed his complaint against defendants for a partition of certain ditch property, alleging that he was the owner of certain undivided interests therein. In due course of law, on the nineteenth July, 1859, judgment of partition was rendered, and the Court, finding that Harris was the owner of the interests, as alleged, decreed that his proportion of the proceeds of the sale, which was ordered, should be paid to him.

October 11th, 1859, Galloway, who was not a party to the partition suit, filed a petition, averring, in substance, that he had instituted suit by attachment against one F. M. Harris, which was levied August 13th, 1859, on the right, title and interest of F. M. Harris in said ditch property; that such attachment was a lien upon the property; that he had obtained judgment, etc., and that the property in fact belonged to F. M. Harris, and that "all sales and transfers of the same from said F. M. Harris, under and by which the said John Harris pretends to claim, were but colorable, and made for the benefit of said F. M. Harris, and with intent to hinder, delay and defraud the creditors" of said F. M. Harris; and that such property now belongs to him. The

Harris *v.* Taylor.

petition prayed that said proceeds be paid to petitioner, and tendered issues upon the matters alleged, and such other issues as the Court might direct. No evidence was taken, and the Court denied the relief, and ordered the money to be paid to plaintiff, in accordance with its previous decree. Galloway appeals.

*G. N. Swezy,* for Appellant.

The Court should have sent the issues of fraud tendered to a jury. (Drake on Attach. secs. 775, 776 ; 3 Geo. 140 ; 16 Mass. 420.)

*Jas. L. English,* for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action for the partition of certain property, and an account. The Court ordered the property to be sold, and the proceeds distributed. After the sale, one James E. Galloway filed a petition in the case, claiming so much of the proceeds as had been ordered to be paid to the plaintiff. The petitioner is a creditor of the plaintiff's vendor, and the proceeding is simply an attempt to defeat the conveyance to the plaintiff, on the ground of fraud. For this purpose, the facts stated in the petition are wholly insufficient. There is no allegation of insolvency, and the charges of fraud are in the most general form. The conveyance, however fraudulent as to creditors, is valid as between the parties, and no one can impeach it without showing that he has been injured by it. He must show that he has been deprived of his remedy at law, and is compelled to resort to equity for relief. If the debtor has other property which may be reached by the ordinary legal remedies, a Court of Equity will not interfere. It must be affirmatively shown that such remedies have been exhausted, or that a resort to them would be fruitless and unavailing. Nothing of the kind appears in the petition, and the charges of fraud are comprised in the general allegation, that the conveyance was merely colorable, and designed to hinder, delay and defraud creditors. The facts are not stated, and it has always been held, that fraud could not be alleged generally, but that the specific facts constituting the fraud must be averred.

It follows that the relief sought by the petition was properly denied, and the order denying it must, therefore, be affirmed.

Ordered accordingly.