THOMAS et al. *v*. MACKEY.

1. In a bill to set aside a conveyance of land upon the ground of fraud upon creditors, the facts upon which the fraud is based must be distinctly and specifically averred.

2. A voluntary conveyance from husband to wife is not *per se* fraudulent. The statute (R. S., § 20, p. 340) makes the question of fraud wholly one of fact and not of law.

3. A defendant cannot be required to meet and overcome evidence not responsive to the pleadings.

*Error from District Court of Boulder County.*

ANDREW J. MACKEY, the defendant in error, filed his bill of complaint against Jerome Thomas and his wife Sarah, the plaintiffs in error, to set aside a conveyance of lands given to Sarah by James Decker, on the ground that there was no consideration moving from Sarah to Decker, and that the conveyance was in fraud of Mackey, who was a judgment creditor of Jerome Thomas, the husband of Decker's grantee. The bill alleges that Decker was indebted to complainant in the sum of $838, on two promissory notes. That on the 27th day of February, 1869, Thomas took up these notes and gave his own note for the amount, together with Alpheus Wright as surety, payable twelve months after date. That in the month of April, 1872, the complainant sued and obtained judgment against Thomas and Wright, and issued execution thereon, which was re-

turned *nulla bona.* That on the 27th of February, 1869, at the date of the making of the note, Decker gave a bond to Sarah P. Thomas to convey to her the lands in controversy, and did, on the 11th day of December, 1871, make the conveyance. The bill charges "that the consideration money paid therefor was the money of the said Jerome Thomas, and that the same, nor any part thereof, was the money of the said Sarah P. Thomas ; and that part of the consideration thereof was the two notes above described made by the said James H. Decker, to complainant, and that the same were delivered up to the said James H. Decker upon the execution of the aforesaid deed by him and his wife to said Sarah P. Thomas." Also, "that the equitable title to said land is in the said Jerome Thomas; and that the said deed so made by the said James H. Decker and wife, to the said Sarah P. Thomas, was entirely without any consideration from her to said Decker, and was in fraud of the rights of your orator, and was so designed and intended to be by said Thomas and wife at the time of the execution thereof."

The prayer was that the legal title be decreed to be in Jerome Thomas, and that the land be applied to the satisfaction of the judgment, etc. A demurrer to the bill was overruled. The cause was heard on the bill, answer, replication and master's report of the proofs, and a decree rendered in favor of the complainant in accordance with the prayer of the bill. To reverse this decree the plaintiffs in error sue out this writ.

Mr. J. M. North, for plaintiff in error.

Messrs. Browne & Putnam, for defendant in error.

Thatcher, C. J. The charge in the bill that the conveyance made to Sarah P. Thomas was without consideration, and was in fraud of the rights of Andrew J. Mackey, and was so designed and intended to be, and other charges of a like general character, are not sufficient to sustain the de-

cree. The facts upon which the charge of fraud is predicated cannot be left to inference, but must be distinctly and specifically averred. *Bryan* v. *Spruill*, 4 Jones' Eq. (N. C.) 27; Bump on Fraudulent Conveyances, 524; *Small* v. *Boudinot*, 1 Stockt. (N. J.) 391; *Fraser* v. *Hext*, 2 Strobh. Eq. R. 255; *Newell et al.* v. *Bureau Co.*, 37 Ill. 253; *Kline* v. *Horine*, 47 id. 430.

The demurrer to the bill should have been allowed.

A voluntary conveyance from husband to wife is not *per se* fraudulent. In obedience to the dictates of humanity and the voice of reason, the husband may, and ought, in prosperous times, if it can be done without imperiling his creditors, to put his wife beyond the reach of want, when old age shall overtake her, and when he, perchance, through some misfortune in business, may have lost all his property. But as this right, which the law recognizes under the circumstances mentioned, has so frequently been used as a mere cover for fraud, courts scrutinize such transactions very closely. It is urged that as it is clearly averred in the bill that the conveyance made at the instance of Thomas, to his wife, was made without any consideration moving from her, and "that the consideration money paid therefor was the money of the said Jerome Thomas," the law raises a presumption of fraud as to existing creditors, which cast the burden of proving solvency upon the defendant. But for our statute, which makes the question of fraud wholly one of fact, and not of presumption, there might be some force in the position. Section 20, R. S., page 340, enacts "the question of fraudulent intent, in all cases arising under the provisions of this title, shall be deemed a question of fact and not of law; nor shall any conveyance or charge be adjudged fraudulent against creditors or purchasers, solely on the ground that it was not founded on a valuable consideration."

Construing a section of a statute whose provisions in this respect are the same as ours, the court of appeals of New York say: "Although the conveyance from the husband

was voluntary it was not for that reason necessarily or *presumptively* fraudulent as against his creditors.   This I understand to be the necessary inference from the statute which declares that 'no conveyance or charge shall be adjudged fraudulent as against creditors or purchasers solely on the ground that it was not founded on a valuable consideration.'  It is a circumstance bearing upon the question of fraud, and in connection with other circumstances may establish it."

In the case before us much of the evidence is not responsive to the issues.   Although the bill fails to aver directly that Thomas was insolvent, or to state facts from which either his insolvency, or that he was in an embarrassed condition financially at the time the bond for a deed was executed to his wife, is necessarily made to appear (*Montz* v. *Hoffman et al.*, 35 Ill. 558; *Harris* v. *Taylor*, 15 Cal. 348), the evidence proves his insolvency, not only at that time but continuously thereafter, until judgment was obtained against him and Wright.   The averment that neither Thomas nor Wright had any property out of which said judgment could be collected, and that neither of them had such property since the date of such judgment, is not inconsistent with the solvency of Thomas, at the time the bond for a deed was made to his wife.   The decree of the court was pronounced *secundum probata*, but not *secundum allegata*.   In this there was error.   The defendant cannot be required to meet and overcome evidence not responsive to the pleadings.   Had the necessary averments been made in the bill, we would not, with the evidence taken, interfere with the decree.

The decree is reversed and the cause remanded with directions to the court below to allow complainant to file an amended bill without prejudice to the testimony already taken.

*Reversed.*

Mr. Justice WELLS did not concur.