[No. 12518. In Bank. — July 3, 1889.]

N. J. PEHRSON ET AL., RESPONDENTS, v. J. B. HEWITT ET AL., APPELLANTS.

FRAUD — JUDGMENT BY CONFESSION — INSOLVENCY — RELIEF IN EQUITY — PLEADING. — A complaint by attaching creditors of an insolvent debtor seeking to set aside certain pretended judgments by confession and execution levies thereunder, alleged to have been accepted and procured with intent to hinder and defraud the plaintiffs and other creditors, and to defeat their attachments, and also seeking to set aside an adjudication in insolvency of the debtor upon his petition alleged to have been procured in bad faith, in pursuance of a fraudulent scheme to carry out the same intent, does not state a cause of action if not averring that the judgments confessed were not justly due. The allegations that the confessions of judgment were pretended and fraudulent as against other creditors are insufficient in the absence of averment of facts showing to the court how they were such.

ID. — ASSAILING CONFESSIONS OF JUDGMENT — RIGHTS OF ASSIGNEE AND CREDITORS. — If confessions of judgment are prohibited by the insolvent laws, the assignee in insolvency can have them adjudged void upon a proper proceeding for that purpose; but attaching creditors cannot assail them in equity, if the judgments confessed were for debts justly due.

ID. — AGREEMENT OF JUDGMENT CREDITORS WITH INSOLVENT DEBTOR. — If judgments confessed by an insolvent debtor are justly due, it is not fraudulent for the judgment creditors to agree with such debtor that they will buy in the property at a sale had on their executions, and give it to the debtor. A proceeding in insolvency by the debtor to carry out such arrangement cannot be fraudulent as against other creditors.

ID. — SETTING ASIDE INSOLVENCY PROCEEDINGS IN EQUITY — JURISDICTION. — A court of equity has no jurisdiction to set aside an adjudication in insolvency or dismiss the proceedings at the suit of attaching creditors of the insolvent upon allegations of fraud, the creditors having an opportunity to oppose the discharge of the debtor in the insolvency proceeding. There can be no fraud in the pursuance of a remedy allowed by law.

APPEAL from a judgment of the Superior Court of Shasta County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Wiley & Dozier,* and *F. P. Primm,* for Appellants.

The complaint does not show any fraud which obstructs the enforcement by legal process of the rights of plaintiff. (Civ. Code, sec. 3441.)   The legal enforcement of a lawful agreement can afford no cause of complaint.   (*Cordier* v. *Schloss,* 12 Cal. 147.)   The insolvency proceedings afford an adequate remedy at law, and where there is such adequate remedy, equity will not interfere.   (*Richards* v. *Kirkpatrick,* 53 Cal. 434; *Harper* v. *Richardson,* 22 Cal. 254; *Imlay* v. *Carpentier,* 14 Cal. 177; *Leach* v. *Day,* 27 Cal. 646; *Tomlinson* v. *Rubio,* 16 Cal. 207; *Tevis* v. *Ellis,* 25 Cal. 520; *Ex parte Hollis,* 59 Cal. 416; *Van Roun* v. *Superior Court,* 58 Cal. 359; *San Francisco* v. *Beideman,* 17 Cal. 451.)   There are no allegations showing irreparable injury.   (*Domec* v. *Stearns,* 30 Cal. 117; *Gregory* v. *Hay,* 3 Cal. 334; *Robinson* v. *Russell,* 24 Cal. 472; *More* v. *Ord,* 15 Cal. 206; *Mechanics' Foundry* v. *Ryall,* 62 Cal. 417; *De Witt* v. *Hays,* 2 Cal. 470; 56 Am. Dec. 352; *Burnett* v. *Whitesides,* 18 Cal. 157.)   Equity cannot stay or set aside the pending proceedings in insolvency.   (Civ. Code, sec. 3423; *Larue* v. *Friedman,* 49 Cal. 284; *Julien* v. *Riley,* 61 Cal. 242.)   The justice of the indebtedness for which the judgments were confessed not being impugned, there is no foundation for plaintiffs' charge of fraud.   (*Meeker* v. *Harris,* 19 Cal. 289; 79 Am. Dec. 215.)   Fraud without damage gives no cause of action.   (*Herron* v. *Hughes,* 25 Cal. 556; *Reay* v. *Butler,* 69 Cal. 572.)

*Clay W. Taylor,* and *J. Chadbourne,* for Respondents.

The judgment may be impeached for fraud by third persons who have an interest in the property concerned. (Bigelow on Fraud, 69, 91–96, and cases cited.)   Equity

has concurrent jurisdiction with courts of law in cases of fraud, and may retain the case for full relief. (*Bradley* v. *Bosley*, 1 Barb. Ch. 125; 1 Story's Eq. Jur., 30, note; Bigelow on Fraud, 59; Bispham's Principles of Equity, p. 53, note 1, p. 57; *People* v. *Houghtaling*, 7 Cal. 348.) Equity has jurisdiction if the remedy at law is not plain, adequate, and complete. (Bispham's Principles of Equity, sec. 37; Story's Eq. Jur., sec. 33; Pomeroy's Eq. Jur., secs. 139, 181, 231; *Jones* v. *Newhall*, 115 Mass. 244; 15 Am. Rep. 97; *City of Hartford* v. *Chipman*, 21 Conn. 488; *Scott* v. *Scott*, 33 Ga. 102; *Alverson* v. *Jones*, 10 Cal. 9; 70 Am. Dec. 689; *Heyneman* v. *Dennenberg*, 6 Cal. 376; 65 Am. Dec. 519; *Chard* v. *Stone*, 7 Cal. 117; *Hickman* v. *O'Neal*, 10 Cal. 294; *Ford* v. *Rigby*, 10 Cal. 450.)

THORNTON, J.—The plaintiffs bring this action to have certain judgments, and the executions issued thereon, and the levies made under them, vacated and set aside, that an adjudication in insolvency may be vacated and the proceedings dismissed, and for an injunction restraining certain defendants, etc., from selling certain property described in the complaint.

The defendants contend that the complaint does not state facts sufficient to constitute a cause of action, and that therefore the judgment and order denying a new trial should be reversed. The defendants demurred to the complaint on the above-stated ground. The complaint sets forth that the defendant Hewitt was indebted to the several plaintiffs in several sums for divers matters; that they commenced actions against Hewitt in a justice's court to recover these amounts, and sued out writs of attachment, which were levied by the sheriff of the county upon the property of defendant Hewitt, set forth in the complaint; that before the commencement of these actions Hewitt filed in the same justice's court certain pretended confessions of judgment in favor of several

defendants for certain amounts alleged to be due to each of the defendants, which confessions of judgment were accepted by the several defendants in whose favor they were made.

Plaintiffs further allege that said pretended confessions of judgment were made by Hewitt and accepted by defendants with the intent and design of hindering, delaying, and defrauding the plaintiffs and other creditors of Hewitt by a combination among them, by which they were to levy executions upon all the property of Hewitt, and have the same sold for the amount of said confessions to said defendants, or some of them, and that after said sale had been made that Hewitt was to be placed again in full possession and control of the property for his own use and benefit, and fraudulently protected by such proceedings against the claims of plaintiffs, and thus rendering any judgments which plaintiffs might recover against Hewitt ineffectual.

It is further averred that executions afterward issued on the judgments above mentioned and came into the hands of the defendant Eckels, who was a constable, and that the constable made a pretended levy under the said executions on the property above mentioned; that this levy was made and abandoned prior to the levy of the attachments of plaintiffs above set forth, and that since the abandonment the constable has never had possession or control of any of the property above referred to; that the constable pretends that the levies made by him are in full force, and that he is proceeding to sell said property under these levies.

The defendant Hewitt is insolvent, and was insolvent when he made the confessions of judgment above stated; and that in furtherance of the above-stated agreement by defendants, and to carry out and complete the fraudulent scheme of defendants, did, on the 16th of March, 1886, file his petition in insolvency; that this petition was not filed in good faith, but for the wrongful and

fraudulent purpose of defeating the attachment liens of plaintiffs, to the end that the pretended levies of the executions might hold the property, and a sale of the same might be made in such manner as to fraudulently cover it and protect it from the claims of plaintiffs.

We see no element of fraud by defendants in the matters averred in the complaint. It is not averred that the debts for which the judgments were confessed by Hewitt, in favor of the several defendants, were not justly due by Hewitt to them. Styling the confessions of judgments *pretended,* as was done by the plaintiffs in the complaint, did not show that they were so. The facts should have been set forth from which it would appear that they were pretended and simulated, and not real and genuine. There was no law in existence when the confessions were made which prevented Hewitt from confessing a judgment in favor of a *bona fide* creditor, and there is nothing alleged in the complaint which tends to show that the defendants were not honest creditors to whom Hewitt was justly indebted.

The word "pretended" is a mere epithet which, in the absence of facts showing the pretended character of the confessions or of the judgments, imports nothing impugning either the confessions or the judgments. It sufficiently appears that confessions of judgment were filed in the justice's court, that judgments were entered on them, and executions issued on the judgments. It is not sufficient to allege that confessions or judgments are fraudulent, but the facts showing that they are such must be averred, so that the court can perceive that such instruments are fraudulent. The facts showing the fraud must be made to appear by averment. (See *Kinder* v. *Macy,* 7 Cal. 206; *Harris* v. *Taylor,* 15 Cal. 348; *Meeker* v. *Harris,* 19 Cal. 289, 290; 79 Am. Dec. 215.)

The debts for which the judgments were confessed being justly due by Hewitt, we see no fraud in the defendants agreeing to buy the property at the sale had on

their executions, and, if they did buy it, giving it to Hewitt if they elected to do so.    To hold that they could not do so would be to hold that a man could not do what he chooses with his own property.    The defendants, if they bought at the sale under execution, would pay their own money for the property bought, and when so bought and paid for, it would belong to them, and they could do with it what they chose to do.    They might give it away to Hewitt or any one else, or might destroy it if they saw fit.

We cannot see how a court of equity can set aside an adjudication in insolvency or dismiss such a proceeding. It is averred that Hewitt was insolvent, and if so, he had a right to apply for a discharge under the statutes in relation to insolvency.    There can be no fraud in the pursuance of a remedy allowed by law.    Hewitt in applying for his discharge in insolvency was taking the steps provided by law for having his property equitably and fairly subjected to the satisfaction of his creditors. Of this, no creditor has a right to complain.    If he has no right to apply to be discharged from the claims of his creditors, they will have an opportunity of showing that, and preventing his discharge in the insolvency proceeding.    If the confessions of judgment made to defendants are prohibited by the insolvent laws, the assignee in insolvency can have them adjudged void, and on a proper proceeding they will be so adjudged, but no such proceeding is before us in this case; as the agreement made by defendants described above was free from fraud, we cannot see that the application in insolvency to carry out such arrangement could or would be fraudulent.

We are of opinion that the complaint does not state facts sufficient to constitute a cause of action, and therefore the judgment and order are reversed, and the cause remanded, with directions to the court below to sustain

the demurrer to the complaint, and for other proceedings according to law.

So ordered.

WORKS, J., PATERSON, J., SHARPSTEIN, J., McFARLAND, J., and BEATTY, C. J., concurred.