# SUKEFORTH v. LORD.*

## No. 13,363; February 22, 1890.

### 23 Pac. 296.

**Fraudulent Conveyance—Pleading and Proof.**—In an action for the conversion of merchandise levied on under an execution on a judgment against S., the answer alleged "that the defendant is informed and believes, and, upon such information and belief, so avers the fact to be, that, . . . . while said S. was so as aforesaid engaged in business, and while he was so as aforesaid indebted, he, said S. and the plaintiff, who is his brother, conspired together for the purpose, and with the intent, to hinder, delay, and defraud the creditors of said S. out of their just debts and demands against him, said S.; and with such purpose and intent said S. made a pretended false and fraudulent sale of the property mentioned in plaintiff's complaint . . . . to the plaintiff; and with such purpose and intent the said plaintiff received said pretended false and fraudulent conveyance; and thereupon said plaintiff took possession of said property, and so held the same, and not otherwise." Held, that defendant could not prove fraud, under the answer, as it merely alleged a conclusion.

**Appeal—Exceptions.**—After the Case was Given to the Jury, counsel for defendant said that he desired certain exceptions entered, to which the judge replied, "Have any exceptions entered that you desire," and in answer to counsel's question, "Shall I have the clerk enter them?" the judge replied, "If you choose, do so." Counsel, however, never had any exception entered, either by the court or clerk, and never prepared or had settled any bill of exceptions. Held, that this did not entitle defendant to a review of the rulings.

Works, J., dissenting.

*For subsequent opinion in bank, see 87 Cal. 399, 25 Pac. 487.

APPEAL from Superior Court, Nevada County.

Geo. A. Rankin for appellant; Cross & Denson and P. F. Simonds for respondent.

FOX, J.—This is an action against the sheriff of Nevada county for the recovery of the sum of $4,000 damages, for the unlawful conversion of a stock of merchandise. The sheriff justifies under an attachment, and subsequent judgment, in the superior court of the city and county of San Francisco, in a suit wherein George D. Cooper was plaintiff and L. M. Sukeforth was defendant. No exception is taken to the regularity or legality of the proceedings or writ in that case. The goods were levied upon as the property of L. M. Sukeforth, the judgment debtor, but found in and taken from the possession of E. G. Sukeforth, the plaintiff in this action. The action was tried before a jury, verdict and judgment in favor of plaintiff in the sum of $3,000, motion for new trial made and denied, and defendant appeals. The value of the property alleged to have been unlawfully converted is admitted by the pleadings to have been $4,000, and the verdict and judgment was for $3,000. This disposes of one point made on the motion for new trial, and insisted upon on the appeal—that the verdict was excessive.

Another point made on the motion, and insisted upon here, is that the evidence was insufficient to justify the verdict. It is not disputed that L. M. Sukeforth and E. G. Sukeforth, the plaintiff in this case, are brothers; that for nine years prior to August 15, 1888, L. M. Sukeforth was a retail merchant doing business at Nevada City; that in August, 1888, he had on hand a stock of goods, principally furniture and carpets, the accumulation of that nine years, which would inventory at a cost price, with freight added, at about $6,000, with a lot of book accounts of uncertain value, and a small amount of other personal property not exempt from execution, and was in debt to wholesale merchants between $5,000 and $6,000, beside the indebtedness due to his brother, L. M. Sukeforth, and to some others. It is also shown in the evidence, without material conflict, that by reason of the age of the goods, the patterns being out of date, and many of them shopworn and remnants, and of the state of the market, the stock was not worth at Nevada City over fifty cents on the dollar

of its cost price. It is also shown, and uncontradicted, that
on the fifteenth day of August, in that year, L. M. Sukeforth
made to E. G. Sukeforth, the plaintiff, a bill of sale of this
entire stock, and of all his book accounts and personal prop-
erty not exempt from execution, and put the vendee in pos-
session, himself leaving the premises and going to Sacramento;
that E. G. Sukeforth remained in the exclusive possession, and
was actively engaged in trying to sell off the property and
close out the business, until some time afterward, when the
stock was seized on attachment against L. M. Sukeforth, as
above mentioned. The actual consideration of this sale to
plaintiff was shown to have been in part an indebtedness actu-
ally due to the plaintiff, and upon which plaintiff was then
threatening to attach if settlement could not be made; in part
certain indebtedness due to other persons, which the plaintiff
then assumed, and afterward actually paid, either in cash
or by giving his own notes therefor, and in part cash paid
at the time by plaintiff to the vendor, and amounting in the
aggregate to $2,845. From the relationship of the parties;
from what he insists was inadequacy of consideration; from
the fact that L. M. Sukeforth was insolvent; and from the
fact that this sale was made without taking an account of
stock and accounts, or making a formal inventory of the goods
and property conveyed—appellant argues that this sale to
respondent was fraudulent, and made with intent to hinder,
delay, and defraud the creditors of L. M. Sukeforth. Upon
this proposition he makes a very plausible argument, and
selects many disconnected passages from the testimony which
would tend to support it; but at the same time it appears that
the evidence upon that subject is conflicting, and it therefore
follows that, under the rule of this court announced in nearly
three hundred cases, the verdict of the jury ought not to be
disturbed. For this reason, as well as for the one announced
in response to the next point, we are not disposed to discuss
this evidence to the extent that we might otherwise feel called
upon to do.

Another point made is that the court erred in its rulings
as to the admissibility of certain evidence. We have examined
the exceptions upon this point which are urged in the appel-
lant's brief, and fail to perceive any prejudicial error; but,
even if there were error, the appellant is not in position to

avail himself thereof in this case, or of the point of insuffi-
ciency of evidence on the question of fraud in the transfer by
L. M. Sukeforth to the respondent. It is conceded, even by
the appellant, that an insolvent debtor, in the absence of any
adjudication of insolvency, has the right to pay one or more
creditors in preference to others, and to dispose of his prop-
erty for that purpose, if it is fairly done, the transfer is bona
fide, and not made under a secret trust, or to secure a per-
sonal advantage to himself, nor with intent to hinder, delay,
and defraud his creditors generally. All the questions upon
which these rulings claimed to have been erroneous were made
were propounded to prove fraud, and want of bona fides in the
transaction between L. M. Sukeforth and the respondent; and
this, also, is the point upon which it is claimed that the evi-
dence was insufficient to justify the verdict.

The appellant was not in position to avail himself of the
question of fraud in this transfer. There was neither in law
nor in fact any issue upon the subject under the pleadings.
It follows that if there was error in this regard it was not
material error. The complaint alleged title and possession
in the plaintiff at the time of the seizure by defendant, and
the proof sustained it. To overcome this, it was incumbent
upon the defendant to prove fraud and want of bona fides in
the transaction by which the plaintiff became the owner and
in possession. He was not entitled to prove it, unless he had
laid the proper foundation therefor in his pleading. The only
attempt at laying the foundation for such proof in his plead-
ing was as follows: "That the defendant is informed and
believes, and upon such information and belief so avers the
fact to be, that on or about the fifteenth day of August, 1888,
while said L. M. Sukeforth was so as aforesaid engaged in
business, and while he was so as aforesaid indebted, he, said
L. M. Sukeforth, and the plaintiff, who is his brother, con-
spired together for the purpose and with the intent to hinder,
delay, and defraud the creditors of said L. M. Sukeforth out
of their just debts and demands against him, said L. M. Suke-
forth; and with such purpose and intent said L. M. Sukeforth
made a pretended, false, and fraudulent sale of the property
mentioned in plaintiff's complaint, and of all other property
save such as is by law exempt from execution, owned by said

L. M. Sukeforth, to the plaintiff, and with such purpose and intent the said plaintiff received said pretended false and fraudulent conveyance; and thereupon said plaintiff took possession of said property, and so held the same, and not otherwise.'' By this pleading the defendant alleges a conclusion only. He concludes what constitutes a fraud, instead of stating the facts, and allowing the court to conclude whether they constitute fraud or not. This form of pleading has been held, in a long line of decisions by this court, to be insufficient. All the epithets, and much of the exact language, used in this answer, will be found in the complaint in Pehrson v. Hewitt, where a judgment by confession was sought to be set aside on the ground of fraud. It was fully considered by the court in bank (79 Cal. 598, 21 Pac. 950), and held that it did not state facts sufficient to constitute a cause of action; that the facts showing the fraud must be made to appear by averment. The question was again considered in Albertoli v. Branham, 80 Cal. 633, 13 Am. St. Rep. 200, 22 Pac. 404, a case almost exactly like the present one, except that the pleading was less objectionable than this; but it was held to be insufficient— that, in pleading fraud, it is not sufficient to allege it in general terms, but the facts constituting the fraud must be stated. That case is decisive of this, so far as the sufficiency of this pleading is concerned. Because of its insufficiency, the defendant is not entitled to be heard to impeach the bona fides of the sale to plaintiff.

Appellant also assigns as error certain rulings of the court in giving and refusing instructions to the jury. He is not entitled to be heard upon these assignments, for the reason that he saved no exception to such rulings. After the case was given in charge to the jury, counsel did step up to the judge, and say to him that he desired certain exceptions entered; to which the judge replied: ''Have any exception entered that you desire.'' Counsel then said: ''Shall I have the clerk enter them?'' to which the judge replied: ''If you choose, do so.'' But he never did have any exceptions entered, either by the court or the clerk, and never prepared or had settled any bill of exceptions. This is in no sense a compliance with the statute, and does not entitle the party to a review of the rulings. Judgment and order affirmed.

I concur: Paterson, J.

WORKS, J.—I concur in the judgment, but do not agree to what is said in the opinion of Mr. Justice Fox as to the manner of entering an exception to the giving of instructions. I think the record sufficiently shows that the exceptions were properly taken, and in time. It was enough that the judge was notified that the appellant excepted, and the record shows that this was done. It was not necessary that the exception should have been entered at the time by either the judge or the clerk.