HAROLD G. SPENCER, as Trustee of M. Saiki, a Bankrupt, *vs.* SANTOKI JIRO, and SAME *vs.* S. NEKEMOTO.

### July 22, 1909.

*Pleading—Construction of words:* The words "so-called" and "purported," as used in the complaint, do not support a construction of meaning *pretended.*

*Demurrer for uncertainty:* In proceedings brought in a bankruptcy court against an alleged preferred creditor for the amount received by him, an allegation to the effect that he is a pretended creditor, does not create

an uncertainty as to the proper line of defense, as the question raised by such allegation belongs to the proceedings for proof of claims.

*Verification of pleadings in bankruptcy proceedings:*    A verification by the petitioner of a complaint setting up matters of fact in bankruptcy proceedings that the complaint "is true to the best of his knowledge and belief," is insufficient.

*In Bankruptcy*:    Demurrer to bill of complaint.

*Thompson & Clemons,* Attorneys for Plaintiff.

*E. C. Peters,* Attorney for Defendants.

DOLE, J.    The complaints in these two cases allege a payment by the bankrupt creating a preference to the respective defendants.    In the case in which Santoki Jiro is defendant, the allegation is that the bankrupt paid him within four months before the filing of his petition in bankruptcy $630, "in settlement of a. so-called and purported claim of said defendant" against the bankrupt for the said amount, at which time the bankrupt was insolvent, and that the said payment was intended and did create a preference in favor of the said Santoki Jiro, an "alleged and purported creditor of the said M. Saiki."    In the other case the allegation is in substance that within four months before the filing of the petition in bankruptcy, the bankrupt paid to the defendant $500, "in settlement of a so-called and purported note" of the bankrupt in favor of the said defendant, alleging a copy of such note, and that at the time of such payment the said Saiki was insolvent, and that the said payment was intended to, and did create a preference in favor of the said defendant S. Nekemoto, an "alleged and purported creditor of the said M. Saiki."

The defendants in both cases demurred to the complaint, the main ground of demurrer being the same, to-wit: that the complaint is uncertain, unintelligible and ambiguous in that it does not appear therefrom wherein and how the said claim of such complaint is a so-called or a purported claim, and that it does not appear from the complaint whether the plaintiff relies and intends to rely solely upon a preference within the meaning of the act of Congress concerning bankruptcy or upon

the additional ground that the claims referred to are without consideration and void.

There is no allegation in either complaint that the claims referred to are without consideration and void.

Counsel for the respondents cites authorities which consider the effect of the word "pretended," which are the cases of *Naddo v. Bardon et al.,* 47 Fed. Rep. 782, and *Sukeforth v. Lord,* 23 Pac. Rep. 296. There is no word referring to the claims in the two complaints so strong as the word "pretended." The words "so-called" and "purported" are too indefinite in their meaning as used in the complaints for the construction placed on them by the demurrers, especially as both complaints use the words in article 5th "alleged and purported creditor." Even if such construction is correct, I do not see how it affects the case. It makes no difference in these proceedings whether the preference was in favor of a real or a pretended creditor. The place for the settlement of such question is before the referee in proceedings for proof of claims. The gist of the complaint is that a preference has been made contrary to the statute and to the rights of the other creditors. There is nothing in the other authorities cited by the defendants' counsel which throws light upon their contention. This ground of demurrer is overruled.

The demurrers contain the further ground "that the said bill of complaint is not properly verified."

The verification is by the plaintiff, who deposes that the complaint "is true to the best of his knowledge and belief."

The law of bankruptcy, chapter 4, entitled "Courts and Procedure Therein," provides in section 18, division c, that "all pleadings setting up matters of fact shall be verified under oath." The form of the verification in this case is insufficient; it is too indefinite in character to fulfill the requirements of the statute. *Morgan v. Manuel,* 1 Haw. 291; *In re Vastbinder,* 11 Am. B. R. 118.

The demurrer is sustained on this ground and one day is given to the plaintiff to amend.