HUMPHREYS v. HARKEY.

ACTION TO RECOVER PERSONAL PROPERTY—PLEADING—JUSTIFICATION—EVIDENCE—FRAUD.—In an action to recover personal property, where the defendant justified as Sheriff under a judgment and execution against the plaintiff's vendor—whose property the answer alleged the goods to be—the Court, on the ground that fraud had not been specially pleaded, excluded from the evidence the judgment roll under which the defendant justified, and also evidence tending to show that the sale by the judgment debtor, under which the plaintiff claimed, was not followed by an actual and continued change of possession. *Held*, that the defendant was not bound to anticipate the case of the plaintiff, or to assume under whom he would claim title, and that the ruling of the Court was therefore erroneous.

APPEAL from a judgment for the plaintiff, and from an order refusing a new trial, in the Tenth District Court, County of Sutter. KEYSER, J.

*L. J. Ashford*, for Appellant.

*Stabler & Bayne*, for Respondent.

Ross, J.:

The complaint charges that on the 18th day of November, 1878, the plaintiff was, and for a long time prior thereto had been, the owner, and in possession of a certain lot of stock—cattle and calves. That on the day mentioned, in the County of Sutter, the defendant wrongfully took the property from the possession of the plaintiff, and still unlawfully detains the same, to plaintiff's damage, etc. Answering the complaint, the defendant averred that at the time therein mentioned he was Sheriff of Sutter County; that on the 16th day of October, 1878, one Ashford recovered judgment in the Tenth District Court against one W. F. Nelson for a certain sum of money, which judgment was on the same day entered of record, and duly docketed; that afterward, and on said 16th of November —no part of the judgment having been paid—Ashford caused an execution to be duly issued upon the judgment, and directed and delivered to the defendant; "that in obedience to the commands of said execution, this defendant, as such Sheriff, on the 18th day of November, 1878, seized upon and took into his pos-

session the cattle and calves in the complaint mentioned, and levied the said execution upon the same, and afterward, on the — day of November, 1878, after due and legal notice given, sold the said cattle and calves to satisfy said execution, as the property of said W. F. Nelson, whose property the said cattle and calves then were. * * * That said seizing, levying upon, and selling said cattle and calves is the same taking and detention thereof in the complaint complained of."

On the trial the plaintiff testified that he bought the property in question from Nelson, "excepting the calves, and two or three yearlings that were raised from the cows," and was the owner thereof at the time of the levy and sale. The defendant offered in evidence the judgment roll in *Ashford* v. *Nelson*, and also offered testimony tending to show that the sale by Nelson to the plaintiff was not followed by an actual or continued change of possession of the property—all of which testimony was excluded by the Court below, on the ground that the sale from Nelson to plaintiff was not assailed in defendant's answer.

In the recent case of *Grum* v. *Barney*, 55 Cal. 254, we had occasion to consider the same question, and there held that the defendant was not bound to anticipate the case of the plaintiff, nor to assume under whom he claimed title. We are entirely satisfied of the correctness of that decision, and it results that the Court below erred in the rejection of the proffered testimony. The circumstance mentioned by the learned Judge who tried the cause, to the effect that even if the excluded testimony was admitted and considered, he should still have to find that there was a continued change of possession, cannot, it is obvious, avoid the necessity of a reversal of the judgment and order. The evidence ruled out was competent and material, and the defendant had a right to have it admitted and considered. The *effect* to be given to it, when admitted, is altogether another question.

Judgment and order reversed, and cause remanded for a new trial.

McKinstry, J., and McKee, J., concurred.