No. 7616.

## PFEIFER ET AL. *v.* SNYDER.

FRAUDULENT CONVEYANCE.—*Action to Set Aside.—Pleading.—Proof.*—A plaintiff, in an action to set aside an alleged fraudulent conveyance of land, and to subject the same to execution and sale, must allege in his complaint, and prove on the trial, that, at the time the conveyance was executed, the grantor therein and debtor did not have other property left subject to execution, sufficient to pay all his then existing debts.

SAME.—*Complaint.*—In such action the allegation in the complaint, that such debtor "owned no property of any consequence" except that alleged to have been fraudulently conveyed, is not equivalent to an allegation that he owned no ·other property subject to execution, sufficient for the payment of all his debts.

From the Jennings Circuit Court.

*A. G. Smith*, for appellants.

*D. Overmyer*, for appellee.

Howk, J.—This was a suit by the appellee against the appellants, to have a certain deed and mortgage, described in the complaint, declared null and void, and that the land therein mentioned might be subjected to the payment of a ·certain judgment in appellee's favor. The joint demurrer ·of all the appellants, and the separate demurrer of the appellant Joseph Hotap, to appellee's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, were severally overruled by the court, and their exceptions were duly saved to these decisions. The cause, having been put at issue, was tried by a jury, and a verdict was returned for the appellee; and the appellants' motion for a new trial having been overruled, and their exceptions saved to this ruling, the court rendered judgment for the appellee, as prayed for in his complaint.

In this court the appellants have assigned, as errors, the following decisions of the circuit court:

1. In overruling their demurrer to appellee's complaint;

2. In overruling the separate demurrer of appellant Hotap to the complaint;

3.  In sustaining appellee's demurrer to the first paragraph of the separate answer of the appellant Theodore Pfeifer ; and,

4.  In overruling their motion for a new trial.

1.  The appellee's complaint in this case appears to have been filed in the circuit court, on the 9th day of March, 1877.  The object of the action was to procure a judgment of the court, declaring that a certain deed executed by one Adam Snyder, Sr., on the 10th day of March, 1877, and conveying to the appellant Theodore Pfeifer certain real estate in Jennings county, and a certain mortgage given by said Pfeifer and his wife to Joseph Hotap on the same land, on the 13th day of March, 1871, were fraudulent and void as against the appellee, as a creditor, and as against the other creditors of said Adam Snyder, Sr.  It was alleged in appellee's complaint, that, before and at the time of the execution of said deed, the said Adam Snyder, Sr., as the surety of his son, Adam Snyder, Jr., was indebted to the appellee in the amount due on a certain promissory note, dated January 1st, 1864 ; that on the 7th day of April, 1871, after the execution of said deed and mortgage, the appellee had recovered a judgment on said note, in the Jennings Circuit Court, against said Adam Snyder, Jr., as principal, and the said Adam Snyder, Sr., as surety, for the sum of $988.13 ; and that the said judgment was due and wholly unpaid.

The appellee's counsel has not favored this court with any brief of this cause, or any argument in support of any of the decisions of the trial court complained of as erroneous by the appellants.  In his brief of this cause the appellants' counsel insists that " the complaint is fatally defective in not alleging that at the time of the conveyance, and at the time of the bringing of this suit, the grantor had no other property subject to execution, out of which the appellee could have made his judgment."  It may be regarded

as settled, we think, by the decisions of this court, that, in a suit such as the one at bar, it is necessary that the plain-tiff should allege in his complaint, and prove on the trial, that at the time the conveyance complained of as fraudu-lent was executed, the grantor therein and debtor did not have other property left subject to execution, sufficient for the payment of all his then existing debts. *Sherman* v. *Hogland,* 54 Ind. 578; *Evans* v. *Hamilton,* 56 Ind. 34; *Romine* v. *Romine,* 59 Ind. 346; *Price* v. *Sanders,* 60 Ind. 310; *Hardy* v. *Mitchell,* 67 Ind. 485.

On the point under consideration, the only allegation in the appellee's complaint in this case is the following: ": That, at the date of the execution of said note, and there-after until his death, the said Adam Snyder, Sr., owned no property of any consequence, except the following real estate in Jennings county, Indiana, to wit," and here follows a de-scription of the real estate which he conveyed to the appel-lant Theodore Pfeifer, by the deed alleged to be fraudulent. So far as time is concerned, the allegation above quoted covers the time when the deed in question was executed, and might be deemed to be sufficient. But it can not be said, we think, with any degree of legal accuracy, that the allegation, that "the said Adam Snyder, Sr., owned no prop-erty of any consequence," is fairly the equivalent of an alle-gation that he owned no other property subject to execution, sufficient for the payment of all his debts. The expression "of any consequence," as qualifying property, has a rela-tive, and of course an indefinite and uncertain, meaning. Property much more than sufficient to pay all the debts of Adam Snyder, Sr., would probably be regarded by the millionaire as "no property of any consequence," while the same property might be regarded by persons of more lim-ited means as constituting a fortune. The allegation above quoted, it seems to us, is entirely too vague and uncertain in its meaning to comply with the rules of good pleading or

to fulfil the requirements of the law in a complaint in such a case as the one now before us. We are of the opinion, therefore, that the appellants' objections to the complaint in this case are well taken, and that their demurrers thereto, for the want of sufficient facts, ought to have been sustained.

This conclusion in regard to the insufficiency of the appellee's complaint renders it unnecessary for us now to consider or decide any of the questions arising under the other errors assigned by the appellants. These other errors, conceding them to be errors, may not occur again in the progress of this cause.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.