[No. 12018. Department One. — October 1, 1889.]

SEBASTIAN ALBERTOLI, APPELLANT, v. B. F. BRANHAM, RESPONDENT.

PLEADING — FRAUD, HOW ALLEGED. — In pleading fraud, it is not sufficient to allege it in general terms, but the facts constituting it must be stated.

ID. — TRANSFER IN FRAUD OF CREDITORS, HOW PLEADED. — Where a creditor attacks a transfer of property made by his debtor on the ground that it was made to defraud, hinder, or delay creditors, facts must be alleged showing that the conveyance was made in such manner and under such circumstances as to have that effect. Therefore, it must appear that at the time the conveyance was made the debtor had not other property subject to execution out of which his debts could be satisfied. And where the attempt is made to set aside a conveyance on such ground, it must appear from the complaint that at the time the action is commenced the debtor has not other property sufficient to satisfy his debts.

ID. — JUSTIFICATION OF LEVY OF EXECUTION. — By parity of reasoning, where a judgment debtor attempts to justify the levy of an execution on property previously transferred by his debtor on the ground that the transfer was made to hinder, delay, and defraud his creditors, the answer must allege that at the time of the levy of the execution there was not other property of the debtor subject to such execution sufficient to satisfy the debt for which the levy was made.

ID. — TRANSFER FOR FULL CONSIDERATION — INSOLVENCY OF TRANSFERRER. — If the transferee paid full consideration for the property, and had no notice of the intended fraud of the debtor, he will be protected in his purchase, although he knew at the time it was made that the debtor was insolvent.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The action was brought to recover the possession of certain personal property. The defendant, as sheriff,

attempted to justify the taking under a writ of attachment issued in an action against one Serefino Albertini. Judgment was rendered in favor of the defendant. The further facts are stated in the opinion of the court.

*Hiram D. Tuttle,* and *John Reynolds,* for Appellant.

*T. H. Laine,* for Respondent.

WORKS, J.—The only question presented by the appeal is, whether the answer of the defendant and the findings of the court show that the conveyance of the property in controversy to the plaintiff was fraudulent as against the creditors of his grantor. The answer alleges: "Defendant further alleges, upon and according to his information and belief, that heretofore, to wit, on the fourth day of July, 1885, Serefino Albertini, hereinbefore mentioned, was the owner and in possession of all the property sued for in this action, described in the complaint herein; and that he was then justly indebted to divers persons in large sums of money, and, among them, to Attilio Agustini, to whom he was indebted in the sum of $387.85, and to whom he is now justly indebted in a large amount, to wit, in the sum of $955.94, the judgment hereinbefore mentioned and referred to; that the plaintiff herein and the said Serefino Albertini, with a full knowledge of said indebtedness of said Albertini to said Attilio Agustini and others, thereafter, and on or about the eighteenth day of July, 1885, for the purpose of hindering, delaying, and defrauding the said Attilio Agustini and the other creditors of said Serefino Albertini in the collection and recovery of their just debts and claims against the said Albertini, made a pretended sale and transfer of the whole of said personal property (seized as aforesaid) from said Albertini to the plaintiff herein; that at the time of said transfer said plaintiff knew that said Albertini was insolvent; and defendant avers that said transfer was made with the

intent on the part of plaintiff and said Albertini to hinder, delay, and defraud the said creditors of said Albertini, including said Attilio Agustini; and he further avers that said Serefino Albertini, at the time of said pretended sale and transfer to the plaintiff herein, had the possession and control of all of said personal property seized by defendant as aforesaid; and he avers that said sale and transfer was not accompanied by an immediate delivery of said property, nor followed by an actual or continued change of possession thereof." The court found on this issue as follows: "That on said eighteenth day of July, 1885, said Serefino Albertini made a sale to the plaintiff of his said leasehold interest, and of his right and title to all said property sued for in this action, except said ninety-six cheeses herein, and then and there delivered said property so sold to the plaintiff herein, all of which was situated on said leased lands; that said sale was made with the intent to hinder, delay, and defraud the creditors of said Albertini on the part of both of said parties thereto, and especially to hinder, delay, and defraud the said Attilio Agustini and those who assigned their demands to him, as hereinbefore stated; that said sale involved and comprehended all the property of said Albertini, and left him without any visible property." It is contended by the appellant that the answer stated nothing more than the conclusion that the conveyance was made to hinder and defraud creditors, and not the facts constituting such fraud. It is well settled that in pleading fraud it is not sufficient to allege it in general terms, and that the facts constituting the fraud must be stated. (*Pehrson* v. *Hewitt*, 79 Cal. 594; *City of Oakland* v. *Carpentier*, 21 Cal. 642; *Castle* v. *Bader*, 23 Cal. 76.) The only fact alleged in the answer sufficient to avoid the transfer was, that the sale "was not accompanied by an immediate delivery of said property, nor followed by an actual or continued change of possession thereof," and the findings do not support this allegation. Where

a creditor attacks a transfer of property made by his debtor on the ground that such transfer was made to defraud, hinder, or delay creditors, facts must be alleged showing that the conveyance was made in such manner and under such circumstances as to have that effect. Therefore, it must appear that at the time the conveyance was made the debtor had not other property subject to execution out of which his debts could be satisfied. (*Evans* v. *Hamilton,* 56 Ind. 34; *Deutsch* v. *Korsmeier,* 59 Ind. 373; *Pfeifer* v. *Snyder,* 72 Ind. 78.) This allegation is necessary to show that the conveyance was in fact fraudulent as against the creditors. If the debtor has other property subject to execution sufficient to satisfy his indebtedness, the conveyance cannot amount to a fraud on his creditors. And where the attempt is made to set aside a conveyance on such grounds, it must appear from the complaint that at the time the action is commenced the debtor has not other property sufficient to satisfy his debts. (*Bruker* v. *Kelsey,* 72 Ind. 51; *Sherman* v. *Hogland,* 73 Ind. 472.) This is for the reason that the conveyance, although made for the purpose of defrauding creditors, is valid as between the parties, and cannot be set aside, unless it appears to be necessary for the protection of the creditor, and no such necessity exists if at the time he commences his action there is other property of the debtor out of which his debt can be made. In this case it should have been alleged, for a like reason, that at the time of the levy of the execution under which the defendant attempted to justify his possession of the property, there was not other property of the debtor subject to such execution sufficient to satisfy the debt for which the levy was made. In the answer before us no such allegations are to be found. The court found that the transfer left the debtor without visible property, but this was a finding outside of the issues. There is no direct allegation that at the time the conveyance was made, or at any time subsequent

thereto, the debtor did not have other property sufficient
to satisfy his debts, nor is it alleged that the conveyance
was without consideration.    If full consideration was
paid for the property, the creditors were not defrauded,
and unless the grantee of the property had notice of the
intended fraud of the debtor, he would be protected, hav-
ing paid a valuable consideration.    The only allegation
of fact tending to show knowledge on the part of the
plaintiff that the conveyance was for the purpose of de-
frauding creditors was, that he knew at the time that his
grantor was insolvent.    This was not sufficient, as there
is no reason why an insolvent debtor may not convey
his property for full value, which may have been the
case here.    It was not sufficient to characterize the con-
veyance as pretended and fraudulent (*Pehrson* v. *Hewitt*,
79 Cal. 594), and this was all that was done, except for
the allegation of non-delivery, which, as we have said,
was found against the defendant.    We have in this case,
as in many others, found it difficult to separate the dif-
ferent counts of the pleadings, and desire to suggest to
attorneys that if the several counts of the pleadings were
consecutively numbered in all cases, the practice would
be much improved.

The judgment and order are reversed, and cause re-
manded for a new trial, with instructions to the court
below to allow the parties to amend their pleadings.

Fox, J., and PATERSON, J., concurred.