[No. 13363.  In Bank. — January 4, 1891.]

# E. G. SUKEFORTH, RESPONDENT, *v.* GEORGE LORD, APPELLANT.

87  399
88  397
87  399
110  358
87  399
115  297
87  399
121  244
87  399
145  320

PLEADING — FRAUD — GENERAL ALLEGATION — WAIVER — APPEAL — OBJECTION FOR FIRST TIME. —Where an answer alleges fraud in general terms, and the plaintiff goes to trial upon the issue without objection to the pleading, or to the evidence of fraud, all objection is waived, and it cannot be urged upon appeal for the first time that there was no issue of fraud by reason of the failure of the answer to allege the particular facts constituting the fraud.

ID. — JUSTIFICATION OF ATTACHMENT — FRAUDULENT TRANSFER — DEMURRER — WAIVER. — The answer of a sheriff in an action for damages for seizing goods claimed by the plaintiff, under a writ of attachment against his vendor, which denies the plaintiff's title, and pleads in general terms that the sale to him was pretended, false, and fraudulent, and made with the purpose and intent to hinder, delay, and defraud his creditors, is demurrable on account of the general allegation of fraud; but a failure to demur to the answer, or object to the evidence of the fraud, is a waiver of the objection.

ID. — FAILURE TO OBJECT TO EVIDENCE — NEW-TRIAL STATEMENT. — Where the party pleading fraud generally moves for a new trial, and the statement fully sets out the evidence of fraud, and specifies sufficiently that the verdict is against that evidence, the fact that no objection to the evidence of fraud appears in the statement is sufficient proof that none was made at the trial.

ID. — BENEFIT OF WAIVER — APPEAL BY PARTY PLEADING FRAUD GENERALLY. — The fact that the verdict was against the party alleging the fraud in general terms is not ground for denying him, on appeal, the benefit of the waiver by the prevailing party of the insufficiency of the allegations of fraud.

EXCEPTION TO INSTRUCTIONS — ENTRY OF EXCEPTION. — Where the record shows that counsel for the defendant, as the jurors were retiring, asked to have an exception entered to all the instructions given at the request of the plaintiff and on the court's own motion, and to all instructions refused upon the request of the defendant, to which request the court assented, a sufficient exception is shown as to the written requests to charge given and refused, though not to the oral charge of the court; and the fact that no exception was in fact entered in the minutes of the court, nor in the reporter's notes of the trial, is immaterial.

FRAUDULENT TRANSFER — INSTRUCTIONS. — Where facts are established from which the jury would be justified in inferring fraud in the transfer of goods to the plaintiff, though the inference may not be absolutely necessary, the defendant is entitled to have the issue of fraud submitted to the jury upon instructions fully and fairly stating the law applicable to a fraudulent transfer.

ID. — VALUE OF GOODS — ADMISSION OF PLEADINGS — ERRONEOUS INSTRUC-
TION. — Where the pleadings admit the value of the goods seized by the
defendant, an instruction authorizing the jury to find a less value is
erroneous, though perhaps not sufficient ground for a reversal.

ID. — PREFERENCE OF CREDITOR — GOOD FAITH. — Instructions to the effect
that a transfer of property by a debtor to one creditor in preference to
others is not necessarily fraudulent, although not positively erroneous,
should be qualified by the statement that the transfer must be made in
good faith.

ID. — FRAUD IN LAW — CONSCIOUSNESS OF WRONG. — It is error to refuse
an instruction that a man is guilty of fraud in doing what the law deems
fraudulent, although he may not be conscious that he is committing any
wrong.

ID. — FRAUDULENT INTENT — TRANSFER TO CREDITOR IN EXCESS OF DE-
MAND. — The acceptance by a creditor from an insolvent debtor of an
amount of property largely in excess of his demand is a circumstance
tending to prove a fraudulent intent, and a refusal to so instruct the jury
is erroneous.

ID. — AGREEMENT TO REFUND SURPLUS. — An agreement between an insol-
vent debtor and a creditor, to whom he transferred all his property, that
the creditor would refund the surplus proceeds, is a circumstance tending
to show that the transfer was made with intent to delay and defraud
creditors, and it is error to refuse an instruction to that effect.

ID — EVIDENCE OF AGREEMENT. — The fact that the value of the property
so transferred is grossly in excess of the creditor's claim is a circumstance
tending to show that such an understanding exists, and the jury should
be so instructed.

ID. — CIRCUMSTANTIAL EVIDENCE. — Where the evidence of the alleged fraud
is circumstantial and presumptive, it is error to refuse a correct instruc-
tion as to the necessity in most cases of relying upon such evidence to
prove fraud, and as to the amount of proof required to establish it satis-
factorily.

APPEAL from a judgment of the Superior Court of
Nevada County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*George A. Rankin,* and *T. C. Coogan,* for Appellant.

*P. F. Simonds,* and *Cross & Denson,* for Respondent.

BEATTY, C. J. — This is an action to recover damages
on account of the seizure by defendant, under a writ of
attachment, of certain goods claimed by the plaintiff.
The case arose under the following circumstances: On

the 15th of August, 1888, L. M. Sukeforth, who for a number of years theretofore had carried on a certain carpet business at Nevada City, being largely indebted and insolvent, sold, transferred, and delivered to the plaintiff, who is his brother, for a nominal consideration of fifteen hundred dollars, his entire stock in trade, all his outstanding bills and accounts, and all other property exempt from execution which he then possessed. Among his creditors at the time of this transfer were Sloan & Co., wholesale carpet dealers, who caused a suit to be instituted upon their claim, and in said suit caused an attachment to be issued, which was levied by the defendant, as sheriff of Nevada County, on the stock of carpets, etc., then in the possession of the plaintiff, and claimed by him as vendee of his brother. Thereupon this action was commenced against the sheriff, who defends upon the ground that the sale from L. M. Sukeforth to the plaintiff was fraudulent and void as to creditors.

The case was tried by a jury, who found for the plaintiff, and the defendant appeals from the judgment, and from an order denying his motion for a new trial.

At the trial in the superior court, all questions of fact were eliminated from the case by the mutual admissions of counsel, except the single one of fraud in the sale, and all the assignments of error which we are asked to consider relate exclusively to that matter.

A preliminary objection is made by the respondent to any consideration of the errors assigned, upon the ground that the answer of the defendant was insufficient to raise the issue of fraud.

The allegations of the answer upon this point are as follows: "That the defendant is informed and believes, and upon such information and belief so avers the fact to be, that on or about the said fifteenth day of August, 1888, while said L. M. Sukeforth was so as aforesaid engaged in business, and while he was so as aforesaid indebted, he,

said L. M. Sukeforth, and the plaintiff, who is his brother, conspired together for the purpose and with the intent to hinder, delay, and defraud the creditors of said L. M. Sukeforth out of their just debts and demands against him, said L. M. Sukeforth; and with such purpose and intent the said L. M. Sukeforth made a pretended, false, and fraudulent sale of the property mentioned in plaintiff's complaint, and of all other property, save such as is by law exempt from execution, owned by said L. M. Sukeforth, to the plaintiff, and with such purpose and intent the said plaintiff received said pretended false and fraudulent conveyance, and thereupon said plaintiff took possession of said property and so held the same, and not otherwise."

If there had been a demurrer to the answer, it would probably be held, on the authority of *Pehrson* v. *Hewitt,* 79 Cal. 598, and other cases cited by respondent, that these allegations were insufficient as a plea of fraud. Or if evidence tending to prove the supposed fraud had been objected to at the trial upon the ground of immateriality, the objection would probably have been sustained unless the answer had been amended.

But there was no demurrer to the answer, and at the trial evidence was offered and admitted, without any objection whatever, which tended in the strongest manner to establish every fact necessary to invalidate the sale on the ground of fraud.

The question, therefore, is, whether a party who has treated an answer containing a general allegation of fraud as sufficient to raise the issue, by going into a trial of all the questions involved, without any objection, can make the point here for the first time that there is no such issue in the case.

We think there can be no manner of doubt that if the verdict and judgment in this case had been in favor of the defendant, and the plaintiff had been appealing, he would not have been heard to allege the defect in the

answer, which he relies on here to prevent a consideration of the errors assigned by the defendant.

In *King* v. *Davis*, 34 Cal. 106, the plaintiffs were appealing, and in this court objected to the answer, on precisely the ground taken by the respondent here. But the court said: "The point made by the appellant, that the answer does not make an issue of fraud, cannot be considered by us further than to say that it comes too late. The answer contains a general allegation of fraud, and the appellant went to trial upon the issue thus joined without making any exception to the answer on the score of insufficiency. Nor was any objection made by the appellant to the testimony introduced by the respondent in support of the issue of fraud. On the contrary, that issue was assumed to have been properly made, and was tried upon its merits. Under these circumstances, an objection to the answer that it does not contain a statement of the particular facts and circumstances constituting the alleged fraud cannot be entertained by us."

This proposition, that the failure to allege the particular facts constituting fraud, or estoppel, or other special defenses pleaded in general terms, may be waived by failure to demur or to object to the evidence offered at the trial has been affirmed over and over again in a long series of cases running through our reports, from the first volume down to the case of *Hughes* v. *Wheeler*, 76 Cal. 230.

We refer to the following, among many others: *Lee* v. *Figg*, 37 Cal. 335; *Hutchings* v. *Castle*, 48 Cal. 155; *Bull* v. *Ford*, 66 Cal. 176.

Against this long list of cases is cited the recent decision of Department One of this court, in *Albertoli* v. *Branham*, 80 Cal. 633, which is supposed to establish a different doctrine.

If that case could not be distinguished from this, it would be sufficient to say that it is not law. A decision

of one Department of this court cannot be held to have overruled a long line of cases decided by the whole court, especially when they are not even named or otherwise referred to in the Department decision, and were evidently not considered.

But the truth is, that case differed from this, and from the cases above cited, in the important particular that the evidence of fraud was objected to at the trial (though the report does not show it). By reason of this fact, probably, counsel for defendant did not make the point that there had been any waiver of defects in his plea of fraud, and did not cite any of the cases holding the doctrine above quoted from *King* v. *Davis,* 34 Cal. 106. His whole contention was, that his plea was sufficient, and that was the only question which the Department decided. Therefore the rule of *King* v. *Davis,* 34 Cal. 106, is still unquestionably the law of this state, as it unquestionably ought to be.

But the respondent contends that it does not apply to this case, because,—1. The answer was in such form that he could not have demurred to it on any ground allowed by the statute, and therefore he waived nothing by failure to demur; 2. The record does not show that he failed to object to evidence of fraud; 3. The defect in the plea was not cured by verdict, as in *King* v. *Davis,* 34 Cal. 106, and other cases in which the verdict was in favor of and not against the plea, as it is in this case.

With respect to the first point, respondent says the plea of fraud was not separately stated, but was coupled with a denial of plaintiff's ownership, which made the answer good against the general demurrer to the whole answer, and a demurrer to the plea of fraud impracticable. We think, however, that the plea of fraud is separately stated in the answer, and might have been separately demurred to. But if it was not separately stated, it must be regarded as qualifying the denial in general terms of plaintiff's ownership, and showing that such denial meant

nothing more than that the plaintiff was not the owner of the goods, because the transfer from L. M. Sukeforth was void as to creditors, by reason of fraud. In which case —assuming that the fraud was insufficiently pleaded— the whole answer was demurrable, on the ground that it did not state facts sufficient to constitute a defense, or that it was ambiguous, uncertain, and unintelligible. (Code Civ. Proc., sec. 444.)

As to the second point. It is true, as contended by respondent, that there is no express statement in the record to the effect that he failed to object to the evidence of fraud; but we do not deem such an express statement necessary, if the fact can be clearly inferred from the statement, as we think it can. The defendant, in moving for a new trial, specified in his statement the particular grounds upon which he relied, and every specification of fact or law showed that he relied upon having proved every fact necessary to establish a fraudulent sale. He also set out the evidence to sustain his specifications, all appearing to have been received without any objection upon the ground that fraud had not been pleaded. If any such objection had been made, it was the right of the respondent to amend the proposed statement so as to show it, and undoubtedly he would have done so. The fact, therefore, that no objection appears to have been made is proof that there was none. To hold otherwise, would destroy all the advantage of the doctrine of waiver; for in all cases where the party had not been warned of the defects of his plea by demurrer or objection to evidence, he would be wholly unaware of the necessity of making it appear by his statement or bill of exceptions that he had not been warned, and the court would merely have saved him from one snare in order to involve him in another.

As to the third ground for denying the defendant the benefit of the doctrine of waiver, we think that the fact that he is appealing is rather in his favor than otherwise.

In *King* v. *Davis*, 34 Cal. 106, as in all the cases in which the plaintiff was appealing, the only consequence of a reversal of the judgment on account of the insufficiency of the plea would have been a retrial of the cause upon amended pleadings; but to affirm the judgment on that ground when the defendant is appealing would leave him without remedy or hope of redress. Therefore, when he is appealing in a meritorious case in which he might prevail on a new trial under correct rulings, it would be even more unjust to allow plaintiff to object to his plea in this court for the first time than it would have been to allow the objection in the cases cited.

For these reasons, we conclude that the defendant is entitled to have his appeal considered on its merits.

His first proposition is, that the evidence showed without substantial conflict that the transfer of the property in controversy by L. M. Sukeforth to plaintiff was fraudulent and void as to creditors, and that the superior court erred in not granting a new trial on that ground.

It is certain that many facts were established, without any conflict in the evidence, from which the jury would have been justified in inferring a fraudulent intent upon the part of plaintiff and his brother in making and accepting the transfer; but we are not willing to say that such inference was absolutely necessary. It is, however, certain that the case was such as entitled the defendant to have the issue of fraud submitted to the jury upon instructions fully and fairly stating the law applicable thereto.

This, we think, was not done, the court having given instructions that should have been refused or qualified, and refused instructions that should have been given. But here, again, we are met with the technical objection that the errors of the court in giving and refusing instructions cannot be reviewed, because they were not excepted to in time, or at all.

The objection is based upon the following statement in the record:—

" After the officer had been sworn to take charge of the jury, and as the jurors were retiring, but before they were out of the court-room, counsel for the defendant stepped up to the side of the bench, and said to the court: ' I would like an exception entered to all the instructions given by the court at the request of the plaintiff, to all the instructions asked by the defendant and refused by the court, and to all instructions given by the court on its own motion.'

" The court said: ' Have any exceptions entered you desire.'

"Counsel said: ' Shall I have the clerk enter them?'

"The court replied: ' If you choose to do so.'

" Neither the minutes of the court kept by the clerk, nor the reporter's notes of the trial, show that any exception to instructions was reserved or entered."

This shows very clearly that a sufficient exception was taken to the written requests to charge given and refused (*McCreery* v. *Everding,* 44 Cal. 249; *Shea* v. *P. & B. V. R. R. Co.,* 44 Cal. 429), though it was probably insufficient as an exception to the oral charge of the court. (*Rider* v. *Edgar,* 54 Cal. 130, and cases there cited.)   We will therefore consider only the exceptions to the written charges.

It was error to give plaintiff's instruction No. 15, which was as follows: "If you find a verdict for the plaintiff in this case, your verdict will be for the value of the property converted by the defendant at the time of the conversion, not exceeding the sum of four thousand dollars, together with interest thereon from August 25, 1888, to this date, at the rate of seven per cent per annum."

The property taken by defendant was alleged in the complaint and admitted by the answer to be worth four thousand dollars, and a verdict for the plaintiff could not

properly have been rendered for less than four thousand dollars and interest. Under this instruction, the jury were allowed to find, and they did find, a verdict for less than four thousand dollars.

This does not look like an injury to the defendant, but he complains that he was injured by the instruction, in this way: If the jury had been compelled to find for the plaintiff for four thousand dollars or not at all, they would have found for defendant; but being allowed to find a smaller verdict for plaintiff, they eased their consciences by a sort of compromise between what they wished and what the law demanded. We scarcely think that this would have been a ground for reversal, but as the case is to be remanded for a new trial on other grounds, and as the defendant deems himself injured by this instruction, we feel constrained to pronounce it erroneous.

It cannot, perhaps, be said that the first, eleventh, and thirteenth instructions, asked by plaintiff, are positively erroneous. They are all to the effect that a transfer of property by a debtor to one creditor, in preference to others, is not necessarily fraudulent. It would have been better, however, in view of the facts of this case, to have added the qualification that such transfer must be made in good faith.

The instructions asked by defendant, and numbered 4, 6, 11, and 16, were all correct and pertinent, and the refusal to give them was error, and error clearly prejudicial to the defendant.

By the first (No. 4), the defendant sought to impress upon the jury the view that a man is guilty of fraud in doing what the law deems fraudulent, although he may not be conscious that he is committing any wrong. By the second (No. 6), the court was asked to instruct the jury that the acceptance by a creditor from an insolvent debtor of an amount of property largely in excess of his demand is a circumstance tending to prove

a fraudulent intent. By the third (No. 11), the court was asked to charge as follows: " If a debtor who is insolvent transfers to one of his creditors all his property except such as is exempt from execution, with an understanding or agreement between himself and his creditor that the latter will dispose of the property so transferred, and after paying himself, refund whatever remains to the debtor, such an understanding or agreement would be a circumstance tending to show that the transfer was made with the intent to delay and defraud creditors; and where the value of the property so transferred is grossly in excess of the creditor's claim, that is a circumstance tending to show that such an understanding exists."

The fourth (No. 16) contains a correct statement as to the necessity in most cases of relying upon circumstantial or presumptive evidence to prove fraud, and of the amount of proof required to establish it satisfactorily.

From the character of the evidence in this case, it was important that the jury should be correctly informed on all these points, and for the error in refusing these instructions, the judgment and order appealed from must be reversed.

We see no error in the other rulings complained of.

Judgment and order reversed, and cause remanded.

McFARLAND, J., PATERSON, J., and SHARPSTEIN, J., concurred.