[No. 14001.   In Bank. — March 20, 1891.]

AGNES  MASON,  Respondent,  v.  G.  W.  VESTAL,
Appellant.

Fraudulent Sale — Rights of Creditors. — A sale of property made to
hinder, delay, and defraud creditors is, as to such creditors, absolutely
void, and not merely voidable.

Id. — Pleading — Evidence — Fraud — Relevancy to Issues. — A sheriff,
sued for the value of property seized under a writ of attachment against
the plaintiff's brother, need not plead that a sale to the plaintiff from
the attachment debtor was fraudulent as to his creditors; but may prove
that fact under a denial of the plaintiff's title and possession, and an
allegation of title in the attachment debtor, in connection with a plea of
justification under the writ.

Id. — Evidence — Impeachment — Rebuttal — Statements of Witness.
— The impeachment of the attachment debtor, who has testified as a
witness for the plaintiff to the validity of the sale, by evidence on the
part of the defendant of statements made by the witness inconsistent
with his testimony, and by showing that his reputation for truth was
bad, cannot be rebutted by proof on the part of the plaintiff that the
witness had made prior statements consistent with his testimony at a
time so far remote as to preclude the idea of fabrication.

Appeal from a judgment of the Superior Court of
Tehama County, and from an order denying a new trial.

The facts are stated in the opinion.

*John F. Ellison*, and *J. T. Matlock*, for Appellant.

*A. M. McCoy*, *Clay W. Taylor*, and *Jackson Hatch*, for
Respondent.

Temple, C. — This appeal is from the judgment and
from an order denying defendant's motion for a new
trial.   The suit was brought against the sheriff to re-
cover for property seized at the suit of L. Newcomer
against James Gleason, who is a brother of the plaintiff.
The answer denies the title and possession of plaintiff,
justifies under the writ, and avers title in Gleason.

Plaintiff derives her title from Gleason, and at the
trial the controversy was as to the validity of the trans-
fer to her.   The questions raised relate almost entirely

to alleged erroneous rulings in the admission of evidence tending to establish the *bona fides* of the sale to plaintiff.

On the trial the plaintiff objected to the testimony of defendant on this subject, claiming that the answer did not raise the issue of fraud, and now insists that if the rulings complained of are erroneous they are still not injurious, for the same reason.

It is claimed that the insufficiency of this answer is established by the cases of *Albertoli* v. *Branham,* 80 Cal. 633, 13 Am. St. Rep. 200, and *Sukeforth* v. *Lord,* 87 Cal. 399.

In those cases, however, the defendants did not content themselves with merely denying the right of plaintiff, justifying under a writ, and averring title in the debtor of the attaching creditor, but proceeded to charge the plaintiff with an attempt to assist the debtor in defrauding his creditors. It is not necessary to set up such a defense. It has been held that the defendant is not required to anticipate the source from which plaintiff claims to derive his title, but if he does proceed to set up the acts of fraud which he charges render plaintiff's title invalid, he must state facts which are sufficient in law to that end.

But such plea is entirely unnecessary. A sale made to hinder, delay, and defraud creditors, is as to such creditors, absolutely void, and not voidable merely. (Civ. Code, sec. 3439; Freeman on Executions, 136; *Butler* v. *Collins,* 12 Cal. 463.)

When the defendant denies the plaintiff's title, and shows himself to be a creditor, such evidence is admissible in rebuttal of plaintiff's proof of title. It shows such title invalid; that, as to defendant, the transfer is void.

This question was expressly decided by this court in *Grum* v. *Barney,* 55 Cal. 254, and in *Humphreys* v. *Harkey,* 55 Cal. 284; and decisions elsewhere accord

with these decisions.   (See *Tupper* v. *Thompson*, 26 Minn. 385.)

James Gleason was a witness for the plaintiff, and gave evidence in support of nearly all the facts constituting plaintiff's case.   In rebuttal, he was impeached by evidence of statements made by him inconsistent with his testimony, and by showing that his reputation for truth was bad.   The plaintiff was then allowed, against the objection of defendant, to prove by other witnesses that he had also made statements consistent with his testimony.   When this testimony was objected to, counsel explained the offer: "We propose to prove [statements made?] at a time so far remote that there was no possibility he would foresee it, and which preclude the idea that the story was a fabrication of recent date."

Respondent does not claim the right to prove such statements in rebuttal of the statements proved by defendant, but he claims that the fact that his witness was impeached by evidence of bad reputation justifies such evidence.

The first thing that strikes one upon such a proposition is, that this character of evidence does not meet the emergencies of the case.   Where a witness is discredited by showing that he is not disinterested, but is testifying under an inducement to misstate the facts, there is some plausibility in the claim that statements to the same effect as his testimony, made before he became interested, tend in some degree to show that his testimony was not affected by this interest.   Here the question was, whether Gleason was a truthful man, and the evidence had no bearing upon that issue.

The doctrine upon this subject is discussed in *People* v. *Doyell*, 48 Cal. 90; *Barkly* v. *Copeland*, 74 Cal. 1; 5 Am. St. Rep. 413; and 1 Greenl. Ev., sec. 469.

These authorities do not support the respondent in this matter, and he has not referred us to any which do.

On the hypothesis of the plaintiff, Gleason had no interest in the case, nor could he have had any except upon the theory of the defense, that the transaction was an attempt to hide his property from his creditors, and upon that supposition, who can tell how long he had been seeking a cover for his fraud?

It is not denied that the evidence was material, and it must have been injurious.   The trial was before a jury, who found for plaintiff.   We think the ruling erroneous.

The other alleged errors need not be noticed, as they may not be repeated on a new trial, except the point made that the evidence does not show an immediate delivery.   Upon that point we think there was evidence enough to warrant the court in submitting the matter to the jury.

We advise that the judgment and order be reversed, and a new trial ordered.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and a new trial ordered.