EATON v. METZ, Constable.

No. 19,512; June 27, 1895.

40 Pac. 947.

**Wrongful Attachment.**—In an Action Against an Officer for property levied on under an attachment against plaintiff's vendor, an averment by defendant that the sale to plaintiff was made with the design on his part, and on the part of his vendor, to delay and defraud the creditors of the grantor, and to prevent the application of the property to the satisfaction of their demands, does not authorize the admission of evidence of actual fraud.

**Wrongful Attachment.**—In an Action of Claim and Delivery against an officer on account of a levy under an attachment against plaintiff's vendor, defendant may, under a denial of plaintiff's title, show that there was not an immediate delivery or continued change of possession as between plaintiff and his vendor, and he need not specially plead such facts.[1]

---

[1] Cited and followed, with numerous other cases, in Summerville v. Stockton Milling Co., 142 Cal. 548, 76 Pac. 250, where, to support a denial of the plaintiff's right of possession, evidence of a mortgage lien whereby another had the right of possession was admitted.

APPEAL from Superior Court, San Diego County; George Puterbaugh, Judge.

Action of claim and delivery by Fred. B. Eaton against A. W. Metz, constable. From a judgment for defendant, plaintiff appeals. Affirmed.

Trippet, Boone & Neale and A. L. Gill for appellant; W. S. Wise and E. W. Britt for respondent.

SEARLS, C.—This is an action in claim and delivery to recover the possession from defendant of thirteen horses, one four-horse wagon, and one set of double harness, or their value, alleged to be $2,000. The amended answer contains two separate defenses. The first denies the ownership or possession of the plaintiff of the property described in the complaint, or any part thereof, or that it is of any value exceeding $1,200, or that defendant at any time took the same, or any part thereof, from the possession of the plaintiff, or that he wrongfully withholds the same from said plaintiff. The second defense avers that A. C. Eaton was and is the owner of the property described in the complaint, and justifies taking the same as a constable of the township of Perris, in the county of San Diego, under and by virtue of sundry writs of attachment issued out of justice court in and for said township, in actions pending therein in favor of sundry persons against said A. C. Eaton. Defendant further averred as follows: "Defendant, here answering, is informed, and believes, and therefore alleges, that the said Fred. B. Eaton claims to be the owner of the property described in his complaint herein, in virtue of an alleged sale thereof to him by the said A. C. Eaton; and defendant avers also, upon his information and belief, that such alleged sale was made for the purpose and with the design, on the part of said A. C. Eaton and Fred. B. Eaton, to hinder, delay, and defraud the creditors of the said A. C. Eaton, particularly [naming them], and to prevent the taking and application of such property to the satisfaction of the demands of such creditors against said A. C. Eaton." The cause was tried by the court, and written findings filed, upon which judgment was entered in favor of the defendant for the redelivery to him of all the property described in the complaint, except one horse, viz.: "One sorrel horse, blind of one

eye, mentioned in the complaint, or the sum of one hundred and twenty-five dollars, the value thereof.'' Defendant had costs. Plaintiff appeals from the judgment. The case comes up on the judgment-roll, containing a bill of exceptions, in which the evidence is set out. The court found, in substance, among other things, that at the date of the levy by defendant (on or about October 5, 1892) the plaintiff was the owner of the sorrel horse described in the complaint, but was not the owner of the other property, or any part thereof, but that A. C. Eaton, the father of the plaintiff, was the owner thereof; that plaintiff claims to be the owner of all the property (except the sorrel horse) by virtue of an alleged sale thereof, made to him on or about June 25, 1892; that such sale was not accompanied by an immediate delivery of the property, although such property was then in possession of said A. C. Eaton, and that there was never an actual or continued change of possession. Upon the charge that the sale was made for the purpose and with the design, by the plaintiff and A. C. Eaton, to hinder, delay, or defraud the creditors of A. C. Eaton, etc., the finding is in favor of the plaintiff, and to the effect that it was not made for any such purpose or with such design. At the trial, plaintiff introduced evidence to show that he was the owner of the property in dispute, and that it was taken by defendant without his consent, etc. At various stages of the trial, in the cross-examination of plaintiff's witnesses, and when testimony was offered on behalf of defendant, counsel for plaintiff objected to the introduction of any and all testimony tending to show fraud, upon the ground that there was no pleading to support the same. The court overruled these several objections, and the rulings are assigned as error.

The contention of the plaintiff here is that fraud must be pleaded by setting up the facts constituting it; that general allegations are insufficient, and that defendant's answer failed to set out any facts upon which fraud could be predicated. In support of this proposition we are referred to the following cases: Sukeforth v. Lord, 87 Cal. 402, 25 Pac. 497; Pehrson v. Hewitt, 79 Cal. 598, 21 Pac. 950; Mason v. Vestal, 88 Cal. 396, 22 Am. St. Rep. 310, 26 Pac. 213; Wetherly v. Straus, 93 Cal. 284, 28 Pac. 1045; Albertoli v. Branham, 80 Cal. 633, 13 Am. St. Rep. 200, 22 Pac. 404. As was said in Mason v. Vestal, supra: ''A defendant is not required to an-

ticipate the source from which the plaintiff claims to derive his title, but if he does proceed to set up the acts of fraud which he charges rendered plaintiff's title invalid, he must state facts which are sufficient in law to that end.'' And if a defendant pleads fraud in general terms, if a demurrer is interposed to his plea, or, in the absence of such demurrer, if the evidence tending to prove the supposed fraud is objected to at the trial upon the ground of immateriality, it is error to admit it. But, in the absence of a demurrer, or objection to evidence under such general plea, there is no error of which the losing party can complain: Sukeforth v. Lord, supra. The defense of actual fraud in the case at bar was even more general than that set up in the answer in Sukeforth v. Lord, and, objection having been made to all evidence offered in support thereof, we must hold (waiving for the present the question of the admissibility of the evidence under other portions of the answer) that the court below erred in its admission. But the plaintiff was not injured by such error, for the palpable reason that the finding of the court upon the issue of actual fraud was in his favor. The finding reads as follows: ''That such alleged sale was not made for the purpose and with the design, on the part of the said A. C. Eaton or Fred B. Eaton, to hinder, delay, and defraud his creditors, and to prevent the taking and application of such property to the satisfaction of the demands of such creditors against him, the said A. C. Eaton.'' Error without injury is not cause for reversal.

It is further objected by appellant that the findings of the court as to constructive fraud are without the issues, because the only kind of fraud which is attempted to be pleaded is actual fraud. It is proper to say that, whatever conclusion may be reached in regard to the admission by defendant of title in the plaintiff by the plea of a fraudulent sale of the property, as set out in the second defense of defendant, such admission only goes to that defense. To illustrate: A, the payee of a promissory note, sues B, the maker. B sets up three separate defenses: (1) That he never made the note; (2) that he has paid it; (3) that it is barred by the statute of limitations. The second and third defenses admit the making of the note; but it is only for the purposes of such defenses that the admission applies, and under the first defense the plaintiff must still prove the making of the note. Each defense must be consistent with itself, but need not be con-

sistent with the others: Bell v. Brown, 22 Cal. 671; Willson v. Cleaveland, 30 Cal. 192; Buhne v. Corbett, 43 Cal. 264. Defendant, in his first defense, having, as hereinbefore stated, denied the title of plaintiff to the property, and the latter having, as he was bound to do, introduced evidence of ownership in himself, the defendant was at liberty to combat such claim of ownership by showing that there was not an immediate delivery or a continued change of possession, as between plaintiff and his vendor, and that defendant, as a constable acting under a valid writ against the vendor, and in favor of his creditor, had taken the property pursuant to the command of such writ. These were facts which, under section 3440 of the Civil Code, went to defeat the title set up by plaintiff, and needed not to be specially pleaded, such title being denied: Grum v. Barney, 55 Cal. 254; Mason v. Vestal, 88 Cal. 396, 22 Am. St. Rep. 310, 26 Pac. 213.

The bill of exceptions fails to show that any objections were made to testimony tending to show that defendant was a constable acting under valid writs of attachment, or that the parties in whose favor such writs issued were creditors of plaintiff's vendor; and the objections to the findings fail to specify any insufficiency of evidence on these points, being directed to the evidence going to the facts as found—that plaintiff was not the owner of the property; that A. C. Eaton was such owner; that the sale from said A. C. Eaton to plaintiff was not accompanied by an immediate delivery and a continued change of possession of the property sold, although such property was at the time of such sale in the possession of said A. C. Eaton; and that defendant (except as to the sorrel horse) did not take the property from the plaintiff wrongfully or at all. Upon these alleged insufficiencies of evidence there was such a substantial conflict as must preclude a reversal here. Under such circumstances, it becomes unnecessary to detail the evidence, or to dwell upon the peculiar relations of the parties, the manner in which the property was used after the pretended sale, or the suspicious circumstances involved in the transaction. The judgment appealed from should be affirmed.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment appealed from is affirmed.