[L. A. No. 347. Department Two.—June 22, 1898.]

## MARY H. BANNING, Respondent, v. W. F. MARLEAU, Appellant.

FRAUDULENT TRANSFER—CHANGE OF POSSESSION—INSTRUCTION.—In an action to recover the possession of property held under attachment by the defendant against the vendor of plaintiff, where the defendant claimed that the property had been fraudulently transferred to the plaintiff by such vendor, an instruction requested by the defendant that "by the Civil Code every transfer of personal property, like the one in controversy here, is conclusively presumed to be fraudulent as against creditors, unless there is an immediate change of possession and control of the property," is correctly refused, because containing the expression "like the one in controversy here."

ID.—EVIDENCE—BOOKS OF ACCOUNT.—Books of account showing the condition of accounts between the attachment debtor and the plaintiff in the business of conducting a ranch belonging to the plaintiff, on which the livestock attached had been kept, are admissible in evidence on behalf of the plaintiff, there being proof that the books were kept under the direction of the debtor and delivered by him to the plaintiff.

ID.—DECLARATIONS OF VENDOR AFTER SALE.—The declarations of the attachment debtor made after the sale of the livestock by him to the plain-

tiff, to the effect that he made a bill of sale to protect the property against his creditors, are inadmissible.

ID.—TESTIMONY OF DECEASED VENDOR—FRAUD—PLEADING.—Where the complaint merely sets up that plaintiff was the owner of and entitled to the possession of the property claimed, and that defendant had wrongfully taken possession of it and unlawfully retained it, and the answer takes issue upon plaintiff's title, and pleads that the property belonged to the attachment debtor, and was lawfully taken by the defendant under the writ of attachment pleaded, the defendant is not called upon to anticipate plaintiff's source of title, or to plead that the property was fraudulently transferred by the attachment debtor to the plaintiff; and, when plaintiff's evidence sought to establish a transfer from the attachment debtor, the defendant may prove that such transfer was fraudulent without pleading the fraud; and the testimony of the deceased debtor, given upon a former trial, to the effect that he had transferred the property to the plaintiff by bill of sale to hinder and defraud his creditors, and tending to show that plaintiff knew of such purpose, is admissible under such pleadings.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Walter Van Dyke, Judge.

The facts are stated in the opinion of the court, and in its opinion rendered upon the former appeal. (*Banning v. Marleau,* 101 Cal. 238.) The portion of the sixth instruction referred to in the opinion of the court is embodied in the first syllabus.

R. Dunnigan and J. R. Dupuy, for Appellant.

W. S. Wright, for Respondent.

McFARLAND, J.—This is an action to recover the possession of certain personal property consisting mostly of livestock which was on a ranch owned by the plaintiff. The jury found for plaintiff, and defendant appeals from the judgment and from an order denying a new trial.

The defendant was a constable, and claimed the property under certain writs of attachment in favor of W. H. Harbell and P. Hardy against one Joseph Hannon—defendant claiming that the property in question was the property of said Hannon. The nature of the case, the principal facts in it, and some of the principles of law which should govern it, may be found in the opinion of this court delivered when the case was here upon a

former appeal (*Banning v. Marleau*, 101 Cal. 238), and it is not necessary to restate them. The appellant contends for reversal on the ground that the court committed errors in instructing the jury, and in ruling upon the admissibility of evidence.

We do not think that the court committed any errors in instructing the jury. The instructions given on the part of the plaintiff were correct; and these instructions, together with those given at the request of appellant, presented the main features of the case correctly to the jury. The sixth instruction asked by defendant, with intent to apply section 3440 of the Civil Code to this case, was properly refused by the court because it contained the expression "like the one in controversy here."

The evidence which was admitted was sufficient to warrant the jury in holding that the plaintiff had established title to the property in question. The court did not err in allowing in evidence certain books which showed the condition of accounts between said Hannon and the respondent; there was sufficient evidence to show that the books were kept under the direction of Hannon, and that he delivered them to the respondent as showing the condition of the accounts between them in the business of conducting the ranch. The court did not err in refusing to allow appellant to prove by Harbell declarations of Hannon, made after the sale by the latter to respondent, to the effect that he made a bill of sale to protect his property against creditors; although the ground upon which respondent defends that ruling, to wit, that fraud had not been pleaded in the answer, is not tenable. We see no errors committed by the court other than the one hereinafter mentioned.

The court, however, erred in excluding certain testimony given by Hannon at a former trial of the case, Hannon in the meantime having died. This excluded testimony was to the point that Hannon had transferred the property to the respondent, and given her a bill of sale thereof, for the purpose of hindering and defrauding his creditors, and it also tended in some degree to show that the respondent knew of this purpose when she took the bill of sale. The transcript does not show on what ground this testimony was rejected, but it appears from the argument of counsel that it was rejected because the answer of

the appellant had not set up fraud.   But the complaint merely
sets up that plaintiff, at the time of the commencement of the
action, was the owner of and entitled to the possession of the
property, and that appellant had wrongfully come into the pos-
session of the same and unlawfully retained it.   The answer
denies the plaintiff's ownership of the property, or her right to
its possession, and sets up that the property belonged to Han-
non, and was lawfully taken by the defendant under the writs
of attachment.   The complaint does not show plaintiff's source
of title, and the appellant was not called upon to anticipate
what that source of title was; and when by her evidence she
sought to show title derived from Hannon, the appellant had
the right, under the pleadings, to attack her title by showing
that the sale from Hannon to her was fraudulent.   Respond-
ent's counsel cites, in support of his contention on this point,
merely one case from the state of Oregon; but the decisions in
California have been otherwise, and are clearly founded on the
better reason.   The case of *Grum v. Barney*, 55 Cal. 254, is ex-
actly in point.   The decision of the court in that case, deliv-
ered by McKinstry, J., is correctly expressed in the syllabus as
follows: "In an action for the recovery of personal property,
the complaint alleged ownership and a taking by defendant;
and the defendant in his answer denied the ownership, and jus-
tified the taking under an execution issued to him as sheriff
against one L.; held, that the defendant was not bound to antic-
ipate the case of the plaintiff, or to assume that he claimed as
vendee of L., and that the answer averred all that was necessary
to make up the material issues."   The same point was decided
in the same way in the case of *Humphreys v. Harkey*, 55 Cal.
283, where the court, by Ross, J., said: "In the recent case of
*Grum v. Barney, supra*, we had occasion to consider the same
question, and there held that the defendant was not bound to
anticipate the case of the plaintiff, nor to assume under whom
he claimed title.   We are entirely satisfied of the correctness of
that decision, and it results that the court below erred in the
rejection of the proffered testimony."   In the later case of
*Mason v. Vestal*, 88 Cal. 396, 22 Am. St. Rep. 310, the former
decisions of the court are reviewed, and the law is declared to
be as stated in the cases above cited.   The opinion of the court

in Bank, delivered by Temple, C., is correctly condensed in the syllabus as follows: "A sheriff, sued for the value of property seized under a writ of attachment against the plaintiff's brother, need not plead that a sale to the plaintiff from the attachment debtor was fraudulent as to his creditors; but may prove that fact under a denial of the plaintiff's title and possession, and an allegation of title in the attachment debtor, in connection with a plea of justification under the writ." The cases of *Albertoli v. Branham*, 80 Cal. 633, 13 Am. St. Rep. 200, and *Sukeforth v. Lord*, 87 Cal. 399, may seem at first blush to indicate a different rule; but, as pointed out in *Mason v. Vestal, supra*, the defendants in those cases had attempted to set up fraud, and the questions involved were merely whether or not the answers presented a sufficient statement of fraud; and the question whether or not, in a case like the one at bar, the defendant was called upon to anticipate the title of the plaintiff, and to attack that title by his answer, was not raised. *Mason v. Vestal, supra*, is the latest case on the question to which our attention has been called, and clearly establishes the law on the point involved. The ruling of the court below on this point being erroneous, and upon a material matter, the judgment must for that reason be reversed.

The judgment and order appealed from are reversed, and the cause remanded for a new trial.

Henshaw, J., and Beatty, C. J., concurred.