[Civ. No. 2657. First Appellate District, Division One.—April 26, 1919.]

## ARTHUR T. JOHNS, Respondent, v. CHARLES L. BAENDER et al., Appellants.

[1] FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE TRANSFER—SUFFICIENCY OF COMPLAINT—WAIVER OF OBJECTION.—In an action to vacate and set aside a conveyance of real property alleged to have been made to obstruct and prevent plaintiff from satisfying a certain money judgment theretofore obtained against two of the defendants, if the allegations of the complaint do not definitely show that the conveyance was made in such manner and under such circumstances as to show its fraudulent intent, but the demurrer thereto is general and no objection is urged to the evidence introduced to establish the fraud, on appeal from the judgment the point must be deemed to have been waived.

[2] ID.—DEFRAUDING CREDITORS—CONVEYANCE VOID.—If a conveyance be made with the intent to defraud creditors, it is void, notwithstanding that the debtor has other property ample in amount to satisfy his creditor.

[3] APPEAL — POINT RAISED FOR FIRST TIME — CONSIDERATION OF.—A point raised for the first time in the appellate court upon oral argument may not be considered.

[4] FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE TRANSFER—EVIDENCE—ADMISSIBILITY OF DIVORCE COMPLAINT.—In an action to set aside a conveyance alleged to have been made with the intent to prevent plaintiff from satisfying a judgment theretofore obtained, a divorce complaint filed by one of the judgment debtors wherein the property alleged to have been thus fraudulently conveyed is alleged to be community property of herself and husband, the other judgment debtor, is not privileged; and where it is admitted in evidence without objection, said defendants cannot on appeal be heard to complain of its admission.

APPEAL from a judgment of the Superior Court of Alameda County. J. J. Trabucco, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

C. R. Baender and L. W. Jefferson for Appellants.

St. Sure & Rose for Respondent.

KERRIGAN, J.—This is an appeal from a judgment against defendants in an action instituted by the plaintiff

to vacate and set aside a conveyance of real property alleged to have been made to obstruct and prevent plaintiff from satisfying a certain money judgment which he had theretofore obtained against the defendants, Charles L. Baender and Lillie M. Baender, his wife.

The evidence abundantly supports the finding that the conveyance of the property here assailed was made to defraud, hinder, and delay the collection of plaintiff's claim.

It appears from the record that in the latter part of the year 1908 the defendants, Charles L. Baender and his wife, had falsely represented in several material respects a certain business transferred by them to the plaintiff in consideration of a conveyance of real property, by reason of which misrepresentations plaintiff in the month of June, 1910, obtained judgment against said defendants, which he now seeks to satisfy out of the property described in the complaint, the ownership of which in defendants arises from the original transfer to them by plaintiff of the real property above referred to as the consideration for plaintiff's acquisition of said business, and which, with the intent of concealing their ownership thereof, they transferred to Charles P. Baender, the father of the defendant Charles L., who subsequently conveyed the same to R. M. Meeker. It appears that later it was exchanged for what is called in the record the Fruitvale lot, which in turn was exchanged for the property described in the complaint, and that the deed thereto was taken in the name of the mother of Charles L. Baender, in whom the record title remained until it was conveyed to defendant Niels Gostave, which conveyance was made for the purpose of enabling Gostave to qualify as a bondsman for said Charles L. Baender, at that time charged with the offense of grand larceny.

After obtaining the first judgment plaintiff caused an execution to issue thereon, but neither by this means or in any other way was he able to collect the amount thereof, not learning of his debtor's interest in the real property concerned in this action until early in the year 1915, when Lillie M. Baender commenced an action for divorce against her husband, and alleged in her complaint that it was the community property of herself and husband.

It is also in evidence that shortly after the commencement of the divorce proceeding Charles M. Baender met the plain-

tiff one day, and tried to effect with him a compromise of his claim. On that occasion Baender not only admitted that he had obtained the first conveyance by fraud, but also that the title to the property here involved was taken in the name of his relative, as already mentioned, for the purpose of obstructing and defeating any claim which the plaintiff had or might have against him and his wife. It further appears that Charles L. Baender and wife were at all times in possession of the property, paid the taxes thereon, and expended money for its repair and improvement, but paid no rent therefor.

The testimony on behalf of the defendants was weak, evasive, and unsatisfactory. The case shows plain indications of fraud.

[1] Defendants, in support of their appeal, urge that this being an action in equity to set aside a transfer of property on the ground of fraud, facts must be alleged showing that the conveyance was made in such manner and under such circumstances as to show its fraudulent intent, and accordingly that it must appear that at the time it was made, and also when this action was commenced, said defendants had no other property subject to execution out of which the plaintiff's judgment could be satisfied, citing *Albertoli* v. *Branham*, 80 Cal. 631, 634, [13 Am. St. Rep. 200, 22 Pac. 404]. Assuming for the moment that appellants' position is sound, still we are of the opinion that the most that can be said against the complaint in this regard is that it is somewhat indefinite; but as the demurrer was general, and as there was no objection to the evidence introduced to establish the fraud on the ground now urged, the point must be deemed to have been waived, and is now unavailing (*Sukeforth* v. *Lord*, 87 Cal. 399, 403, [25 Pac. 497]). [2] Moreover, the case on which appellants depend appears to have been overruled; and according to later cases, if a conveyance be made with the intent to defraud creditors it is void, notwithstanding that the debtor has other property ample in amount to satisfy his creditor. (*First Nat. Bank of L. A.* v. *Maxwell*, 123 Cal. 360, 371, [69 Am. St. Rep. 64, 55 Pac. 980]; *Bekins* v. *Dieterle*, 5 Cal. App. 690, 694, [91 Pac. 173].)

Defendants also assert that the decree rendered in the present suit goes beyond the issues framed by the pleadings and the prayer, by declaring in effect a second judgment

against them arising out of the same cause of action. It is true that a portion of the judgment if detached from the remainder seems to be open to the objection urged by defendants, but we think it sufficiently clear that when the judgment is read in its entirety, the part objected to amounts to no more than a recital of the amount due to plaintiff on account of the former judgment, and for which the plaintiff is given a lien on the property here involved. [3] But aside from this, the point was made for the first time upon oral argument, and may not for that reason be considered.

The appellants also contend that even if the transfer of the property were fraudulent, the title of the grantee is good as against all the world except this creditor, and that the court could not deprive the grantee of the title so conveyed to her, but that the judgment should have subjected the property to the lien of the judgment, and directed that any surplus which might remain after sale be paid to the grantee. The court under the issues found a certain amount due plaintiff, and having also found that the transfers already referred to were void as to plaintiff, impressed the property with the lien of his judgment, directing that it be sold in satisfaction of that judgment. To this much under the issue the plaintiff was clearly entitled. As to what may or should be done with any possible surplus is a matter with which under the pleadings we are not now concerned.

[4] The divorce complaint of Lillie M. Baender against her husband having been filed was not privileged; and, moreover, as it was admitted in evidence without objection said defendants cannot now be heard to complain of its admission.

The record as amended on suggestion of diminution thereof shows that the default against defendant Niels Gostave, sued as First Doe, was valid. Nor did the court err in ordering judgment against him.

No other point urged by appellants requires consideration. The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 23, 1919.

All the Justices concurred except Lawlor, J., and Lennon, J., who were absent.