[No. 18239.  In Bank.—June 27, 1894.]

# ERNEST N. TAPSCOTT, RESPONDENT, *v.* D. B. LYON, APPELLANT.

INSOLVENCY—AUTHORITY OF RECEIVER—TAKING GOODS FROM THIRD PER-
SON.—A receiver in insolvency who is directed to take into possession
all the assets of insolvent debtors, and to institute suit to recover the
goods transferred by the insolvent debtors, has no right as receiver to
seize goods in the possession of a third person, however manifest the
fraud through which they were acquired.

ID.—DUTY OF RECEIVER—PERSONAL RISK.—It is the duty of the receiver
to demand goods fraudulently transferred to a third party, and, upon a
refusal, to bring suit for their recovery; and if he takes the property
from one not a party to the proceedings in which he received his appoint-
ment, against the will of such party, he does so at his own personal risk,
and will not be protected by the court when not acting for it.

ID.—LAWFUL POSSESSION OF RECEIVER—CUSTODY OF COURT.—If the re-
ceiver is lawfully in possession of property claimed to belong to the
insolvent, he will be regarded as the servant of the court, and his cus-
tody is that of the court, and adverse claimants will not be justified in
disturbing his possession without leave of the court.

ID.—VOLUNTARY SURRENDER OF GOODS TO RECEIVER.—A receiver who has
made demand for goods fraudulently transferred to a third person, can-
not refuse to accept them if voluntarily surrendered, and when accepted,
holds them as custodian of the court, and cannot be treated as a tres-
passer, and has a right to dispose of the goods under the direction of the
court.

ID.—TAKING OF GOODS—DUTY OF RECEIVER—DISCRETION—CONTEMPT—
CUSTODY OF COURT.—The receiver has no such discretion in taking pos-
session of goods as that exercised by a sheriff as agent of the creditor
for whom he acts, but if the goods which the receiver is directed to
receive are described, and are in the possession of the party whose prop-
erty he is directed to take into possession, or are voluntarily delivered
to him by the person having them, he must take them on pain of incur-
ring a contempt, and having thus taken them, he cannot surrender them
without leave of the court, who is the real custodian.

ID.—POWER OF COURT TO RETURN GOODS.—The court has the power to order goods which belong to a third party to be delivered to him by the receiver.

ID.—APPLICATION FOR ORDER—RECOGNITION OF CUSTODY OF RECEIVER.— Where a third party who has voluntarily delivered goods to the receiver applies for an order upon the receiver to return the goods, whether the refusal of the court to grant the relief sought is conclusive or not, the proceeding inaugurated to obtain the relief is a recognition and admission that the receiver holds the property as such.

ID.—REPLEVIN BY RECEIVER—EFFECT OF DISMISSAL—TRESPASS.—Where the receiver has instituted a replevin suit to obtain goods not voluntarily delivered to him, and which he claims as the property of the insolvent which had been fraudulently transferred, a dismissal of the replevin suit, after obtaining possession of the goods, is not a bar to the claim of the person from whose custody they were replevied, who may hold him as a trespasser from the beginning, unless the receiver can show title.

ID.—SUIT UPON REPLEVIN BOND—TROVER—ELECTION OF REMEDY.—In case of dismissal of the replevin suit by plaintiff, the remedy by suit upon the replevin bond for such damages as the defendant sustained by the taking is not exclusive, and the defendant may elect to sue on the undertaking, or to maintain an action for the wrongful taking and conversion of the property if he can establish his title.

ID.—FRAUD UPON CREDITORS—VOID TRANSFER—REPRESENTATION OF CREDITORS BY RECEIVER.—A sale made to hinder, delay, and defraud creditors is absolutely void as to them, and not merely voidable, and a receiver is authorized to represent the creditors in treating such sale as void.

ID.—TROVER—EVIDENCE—OFFICIAL ACTION OF RECEIVER.—In an action against the receiver for a wrongful taking and conversion of personal property replevied by him, the receiver is entitled to put in evidence all the proceedings in connection with his appointment as receiver, and that in taking and disposing of the goods he was acting under the direction of the court.

ID.—QUESTION OF TITLE—LIABILITY OF RECEIVER AS TORT FEASOR—ORDER OF COURT.—Although plaintiff may prove title in an action of trover against the receiver, the receiver cannot be held in such action as a tort feasor for any act within the scope of his duty as receiver, and done under the express order of the court.

ID.—APPEAL—REVIEW OF INSTRUCTIONS—POINTS OF APPELLANT.—The appellant in his points should point out the errors upon which he relies in the instruction of the court, and briefly state why he deems the rulings erroneous, and a statement in the points that the specifications in the new trial statement sufficiently indicate the instructions objected to, and that the appellant will not repeat them in his points, is not sufficient to require the court to review them where the instructions are numerous and voluminous.

ID.—INTENT TO PREFER CREDITORS.—Where insolvency is admitted, and the intent to prefer one creditor over another is known on the part of the preferred creditor, the rule does not apply that a debtor may pay one debtor in preference to another, or give to one creditor security for the payment of his demand in preference to another.

ID.—FRAUDULENT PREFERENCE BY INSOLVENT—VOID SALE.—If an insol-
vent debtor makes a sale of his entire stock of merchandise for the pur-
pose of preferring a creditor, and the vendee is aware of the intent, the
sale is void as against the operation of the insolvent act, though the
purchaser paid full value for the property, and the proceeds were applied
to the payment of an honest debt.

ID.—TRANSFER OUT OF ORDINARY COURSE OF BUSINESS—FRAUD—BURDEN
OF PROOF.—A transfer by a retail merchant of his entire stock in trade
is not in the usual and ordinary course of business, and upon proof of
such transfer by an insolvent debtor, the burden of proof upon the ques-
tion of fraud is shifted upon the purchaser to show that he was not
aware of the intent of the vendor to make a fraudulent preference for-
bidden by the insolvent act.

APPEAL from a judgment of the Superior Court of
Tehama County, and from an order denying a new trial.

The facts are stated in the opinion.

*L. V. Hitchcock*, and *L. T. Hatfield*, for Appellant.

The sale of the insolvent's property was out of the
usual course of business, and was a fraud upon creditors.
(Insolvent Act, sec. 55; *Washburn* v. *Huntington*, 78 Cal.
576; *Godfrey* v. *Miller*, 80 Cal. 420, 424; *Fitzgerald* v.
*Neustadt*, 91 Cal. 600; *Burke* v. *Koch*, 75 Cal. 356, 357;
*In re Hunt*, 2 Bank. Reg. 542; *In re Dean*, 2 Bank. Reg.
90; *Cerf* v. *Phillips*, 75 Cal. 185; *Ohleyer* v. *Bunce*, 65
Cal. 544; *Meibergen* v. *Smith*, 45 Kan. 405; *Gardom* v.
*Woodward*, 44 Kan. 758; 21 Am. St. Rep. 310; *Blum* v.
*Simpson*, 66 Tex. 84; *Ullman* v. *Crenshaw* (Tex., June
2, 1891), 16 S. W. Rep. 1013; *Ringold* v. *Suiter*, 35 W.
Va. 186.)   Proceedings in insolvency having been
instituted, the court or a judge thereof had authority to
appoint a receiver.   (Insolvent Act of 1880, sec. 63; *Von
Roun* v. *Superior Court*, 58 Cal. 358; *Matter of Real Es-
tate Associates*, 58 Cal. 356; *Ex parte Desmond*, 59 Cal.
399; *Real Estate Associates* v. *Superior Court*, 60 Cal. 223;
*Haile* v. *Superior Court*, 78 Cal. 418; and *Dennery* v.
*Superior Court*, 84 Cal. 7.)   A receiver duly qualified
has full power to take any action necessary to protect
the interests of the creditors or any person in any wise
connected with the business.   (*Dennery* v. *Superior*

*Court,* 84 Cal. 7; *In re Real Estate Associates,* 58 Cal. 356.)
A receiver is the hand of the court, and subject to its
orders. The court has control of receiver and prop-
erty, and can do any thing that may be lawfully done if
if it be a case for the appointment of a receiver.
(*Hutchinson* v. *Green,* 6 Fed. Rep. 838; Insolvent Act of
1880, sec. 63; Cal. Code Civ. Proc., 187; Beach on
Receivers, 2d ed., 1–4, 24.) The receiver is the agent of
the court, and when acting within the scope of his
order he receives property, a claimant must establish
his title by proper proceedings. (*Morrill* v. *Noyes,* 56
Me. 458; 96 Am. Dec. 486–89; *National Park Bank* v. *God-
dard,* 16 N. Y. Supp. 346; 131 N. Y. 494; *Von Roun* v.
*Superior Court,* 58 Cal. 360; *In re Herbst,* 63 Hun, 247;
*Dennery* v. *Superior Court,* 84 Cal. 10.) The superior
court as an insòlvency court, with respect to practice in
matters of receivership, had the rights and powers of a
court of equity, and the usages would be as in any other
matter in a court of equity. (Insolvent Act of 1880,
sec. 63; Code Civ. Proc., 187; *Dorn* v. *Crank,* 96 Cal.
381; *Meeker* v. *Sprague,* 5 Wash. 242; *Naftzger* v. *Gregg,*
99 Cal. 83; 37 Am. St. Rep. 23; High on Receivers, 2d
ed., 140, 254 *b; Hulme* v. *Superior Court,* 63 Cal. 240;
*Davis* v. *Gray,* 16 Wall. 218; *First Nat. Bank* v. *Barnum
Wire Works,* 58 Mich. 315; *Porter* v. *Kingman,* 126 Mass.
141.) A receiver cannot be treated as a trespasser for
taking into his possession property belonging to or
claimed to belong to the insolvent, if such taking be
without duress, or if possession be voluntarily given.
The remedy for a party claiming title is to apply to the
court for redress, or for leave to sue the receiver. (*In
re Day,* 34 Wis. 638; *Ex parte Cochrane. In re Mead,* L. R.
20 Eq. 282; High on Receivers, 2d ed., secs. 139, 140,
254 *b.*) The defendant is not liable in this action, as
the judgment of dismissal in the original action is a bar
to plaintiff's claim. (See *Chambers* v. *Waters,* 7 Cal.
390; *Brown* v. *Weppner,* 17 N. Y. Supp. 193; *Taylor* v.
*Castle,* 42 Cal. 372; *Estate of Pico,* 56 Cal. 420; *Richard-*

*son* v. *Smith*, 29 Cal. 531; Wells on Replevin, secs. 491, 686.)

*N. P. Chipman*, and *Jackson Hatch*, for Respondent.

The facts that defendant in this suit was a receiver, properly appointed, that he took the property and disposed of it in obedience to the order of the insolvent court, and that this action was instituted against the receiver, without first having obtained leave of the insolvent court, does not absolve the defendant from liability to the plaintiff, assuming, of course, that plaintiff has established his title to the property. (*St. Joseph etc. R. R. Co.* v. *Smith*, 19 Kan. 225; *Allen* v. *Central R. R. Co.*, 42 Iowa, 683.) The sale from Wight & Co. to the plaintiff in this action, transferring the property involved in this action, was a valid sale. (*Stewart* v. *Thomas*, 15 Gray, 171; *Bull* v. *Bray*, 89 Cal. 286; *Horbach* v. *Hill*, 112 U. S. 144; *Davis* v. *Getchell*, 32 Neb. 792; *Dodd* v. *Gaines*, 82 Tex. 429.) The failure of the appellant to point out the particular errors of law upon which he relies relieves the appellate court of the task of reviewing them, as it is not the duty of the court to search out alleged errors of the trial court for consideration. (*Davis* v. *Getchell*, 32 Neb. 792.)

TEMPLE, C.—Action for the wrongful taking and conversion of personal property. The complaint contains two counts charging distinct trespasses. The answer, besides general denials, sets up affirmative matter in defense of each cause of action.

It shows that on the tenth day of December, 1889, J. T. Wight & Co., a firm composed of J. T. Wight and J. A. Wight, was engaged in trade at Kirkwood, Tehama county, as retail dealers in general merchandise. That they owed divers persons fifteen thousand dollars in the aggregate, and were insolvent. That to prevent their property from coming into the hands of an assignee in insolvency, and to prevent the proceeds of the same from being ratably distributed to their cred-

itors in accordance with the provisions of the insolvent act, and to delay and hinder the operation of that act, they secretly and fraudulently, in the night-time, transferred to plaintiff their whole stock of goods, which was reasonably worth five thousand dollars, and, except their book accounts and notes taken in their business, was their entire assets, all of which together were not worth more than eight thousand dollars.

That the goods were sold in bulk, and not in due course of business, to plaintiff for two thousand dollars, plaintiff at the time well knowing of the insolvency of the vendors, and that their purpose was to defraud their creditors and prevent their assets from being distributed ratably to their creditors, as required by the insolvent act.

The answer then shows by proper averment the institution of proceedings in insolvency by the creditors of J. T. Wight & Co. to force them into insolvency, and that in such proceedings a receiver was appointed to take charge of the assets of said insolvents under the sixty-third section of the Insolvent Act of 1880.

The receiver was authorized to bring, prosecute, maintain, and defend all actions and legal proceedings necessary to take and hold possession of such property, money, and effects, and " especially relating to that certain stock of goods, wares, and merchandise alleged to be the property of the said J. T. Wight & Co., and heretofore forming and constituting the stock in trade of the said J. T. Wight & Co. at Kirkwood, Tehama county, state of California, and the proceeds thereof."  .

The answer avers the due appointment and qualification of defendant as receiver, and that as such receiver he proceeded to demand from plaintiff—who was in possession, claiming as vendee of J. T. Wight & Co.— said goods, exhibiting to him the order showing his appointment, and proof that he had qualified.    That thereupon said plaintiff voluntarily surrendered and delivered to defendant the goods, wares, and merchandise described in the first count of plaintiff's complaint. That defendant took said goods in his capacity of

receiver as and for the property of the insolvents, and held the same by virtue of his said office as receiver.

That plaintiff thereafter served upon defendant, as receiver, a written notice, as follows:

" *To L. V. Hitchcock, and C. A. Garter, attorneys for petitioning creditors:*

" You are hereby notified that Ernest Tapscott will, on the twenty-seventh day of December, 1889, at 10 o'clock, A. M., move the superior court of Tehama county for an order directing D. B. Lyon, receiver, to deliver to him all the stock of goods, wares, and merchandise situate at the town of Kirkwood, in this county, and by the said receiver taken into possession on the nineteenth day of December, 1889.

" Said motion will be made on the following grounds:

" 1. That said affiant was, prior to the commencement of these proceedings, the owner of and in possession of all of said property.

" 2. That at the time said receiver took possession of the same this affiant was the owner of and in possession of all of said property, claiming the same adversely to said firm of J. T. Wight & Co., and to all the world.

" 3. That said receiver was never authorized by this court to take possession of said property.

" 4. That this court had no power to authorize or order said receiver to take possession of said property.

" 5. That said receiver is not entitled to the possession of said property, and this affiant is entitled to such possession. Said motion will be made upon all the papers on file in this proceeding, upon affidavit, copy of which is herewith served, and upon oral testimony to be adduced at said hearing.

" Yours, etc.,

" N. P. CHIPMAN and
" JOHN F. ELLISON,
" Attorneys for Ernest Tapscott."

That on the twenty-seventh day of December, 1889, the application of plaintiff, according to said notice, came

on to be heard in the superior court, when evidence was taken on the part of plaintiff, and also for the receiver representing the creditors of the insolvents, and after a full hearing the court made an order denying the application, which order is still in force, unreversed, and is a final adjudication of the rights of said plaintiff in the matter.

That afterwards, to wit, January 20, 1890, said J. T. Wight & Co. and the individuals composing the firm were adjudged insolvent, and, on March 7th, an assignee was appointed who duly qualified. In the mean time the goods had been sold by defendant as receiver under the express order of the court.

After the appointment and qualification of the assignee all the property and money in the hands of the defendant as receiver were turned over to the assignee under the direction of the court, and all of such funds had been distributed to the creditors of such insolvents under the orders of the court except fees, costs, and commissions duly allowed, prior to the commencement of this suit, and, except such fees and commissions, the defendant had in his hands no part of the goods sued for nor the proceeds thereof. That plaintiff delayed bringing his action for more than one year after his said demand for a redelivery, and until the property had been sold and the proceeds distributed to the creditors.

The second count is to recover for goods which were not in the store when the receiver took possession, and which, therefore, were not then delivered to the defendant as receiver. In answer to this count, defendant avers that finding that a portion of the merchandise received by plaintiff from J. T. Wight & Co. had been removed, he demanded possession of them, and, upon a refusal, instituted against plaintiff in his, defendant's, character as receiver, an action of replevin, in which he caused a provisional writ to be issued as authorized by law, by virtue of which such goods were taken by the sheriff and eventually delivered to defendant as receiver. That the plaintiff—defendant

in the action of replevin—filed an answer in that action, in which he denied the receiver's right to the property, but did not claim a return of the property or its value, but simply asked to recover his costs, and thereupon this defendant as receiver—plaintiff in that action—dismissed the action and paid the costs. That the judgment of dismissal is still in force unreversed, and is a bar to this action.

The case was tried by a jury, which rendered a verdict for plaintiff, and defendant appeals from the judgment, and from an order denying him a new trial.

It can hardly be said that appellant has filed his points as required by the rules of this court. He has put in, however, an elaborate brief, in which he discusses certain legal questions, but generally without specifying any rulings to which his argument is applicable.

Sometimes, however, the application is sufficiently obvious, and such I propose to notice.

1. It is contended that the defendant, holding the goods as receiver, is not responsible as a trespasser, and that the order refusing to direct the defendant as receiver to deliver the property to plaintiff is conclusive as to plaintiff's right.

Naturally, the first consideration in regard to this matter is as to the nature of defendant's possession. Did he take the property from the plaintiff as a trespasser? Was his possession personal or official only? Were the goods in the custody of the court?

The order did not expressly direct him to take these specific goods. It did direct him to take into possession all the assets of the insolvents, and authorized him to institute suit to recover these specific goods. It is well settled that under such circumstances he had no right as receiver to seize the goods in the possession of the plaintiff, however manifest the fraud through which they were acquired. His duty was to demand them, and, upon a refusal, to bring suit for their recovery. If he takes the property from one not a party to the proceed-

CIII. CAL.—20

ings in which he received his appointment against the will of such party, he does so at his personal risk. He is not acting for the court, and will not ordinarily be protected by it. But if he is lawfully in possession of property claimed to belong to the insolvent, he will be regarded as the servant of the court, and even adverse claimants will not be justified in disturbing his possession without leave of the court. Nor can he be made responsible in an action for the value of such property by such person. The custody is that of the court. The receiver has no right to deliver such property to an adverse claimant without leave of the court, and, therefore, cannot be held responsible for not doing so.

The receiver, contemplating an action to recover these goods, made due demand, expecting a refusal which would place him in a position to sue. He showed his authority, and the plaintiff, fully advised as to the facts, although, as he claims, misunderstanding the nature of the proceeding, surrendered possession to the receiver. The receiver could not refuse to accept them. He would have had no right of action if he had, provided he was rightly advised that a demand was required, for there must be a demand and a refusal. Probably he would have been liable on his bond had he refused. He was expressly authorized—perhaps it should be said directed —to sue for the recovery of these very goods. Plaintiff, with a knowledge of this fact, voluntarily gave them up. Had the receiver sued for and recovered them, he would then have held them as custodian of the court. I think he did, as it was.

I think the cases cited by both parties are upon questions not here involved. They are cases where it is sought to recover the goods in the possession of the receiver, or to establish some right or interest in the property, as the property of a party to the action; or they are claims arising against the receiver in his management of the property or a business by the receiver.

Here it is not sought to interfere with the property. The purpose of the receivership had been accomplished,

and, according to defendant's allegations, the property all sold and the proceeds distributed. The defendant is sued as a trespasser, and his plea is that in taking the goods he acted as receiver; that his acts were lawful, and that he cannot therefore be held as a trespasser. As he did not take the goods as a trespasser, and has disposed of them under express direction of the court, I think this position must be sustained. He was then but a servant, executing the commands of the court. The possession of a receiver has been likened to that of a sheriff who has levied upon goods by virtue of an execution, and in many important respects the cases are similar. (High on Injunctions, sec. 2.)

But the case of a sheriff in possession of goods under a writ of attachment, and a receiver of goods which he is expressly ordered to take, are not in all respects analogous. If the sheriff, under a writ, seizes property which is in the possession of the defendant in the suit, and therefore presumptively his, third persons claiming such property can ordinarily, after demand, sue the sheriff and recover it if they can show title. But when a receiver is in possession of property which he is specifically directed by the court to take, and which is claimed to belong to the party whose goods are sequestered, and such possession has been acquired without the commission of a trespass, the receiver cannot be held personally responsible as a trespasser by a third party upon demand and a refusal to give up the property. The sheriff is the agent of the creditor. He commits no contempt if he refuses to levy upon goods which he has reason to believe do not belong to the debtor. He may release them to a claimant without being guilty of a contempt. He simply takes the responsibility. The receiver has no such discretion. If the goods are described, and are in the possession of the party whose property he is directed to take into possession, or are voluntarily delivered to him by the person having them, he must take them on pain of incurring a contempt, and, having thus taken them, he cannot surrender them to

an adverse claimant without leave of the court, which is the real custodian. (High on Receivers, secs. 139–45; Gluck and Becker on Receivers of Railroads, sec. 92; Beach on Receivers, 304.)

*Parker* v. *Browning*, 8 Paige, 388, 35 Am. Dec. 717, was an appeal by the receiver from an order allowing an action against him for taking, as receiver, goods belonging to third persons. The complaint was, that the receiver had forcibly taken goods from the claimants which did not belong to the defendant, whose goods he was directed to take.

The chancellor says the receiver is not required to place himself in the position of a wrongdoer, and need not take property from third persons unless under an express order to that effect. That suit should be brought to recover property in the possession of adverse claimants, but " where the property is legally and properly in the possession of the receiver, it is the duty of the court to protect that possession, not only against acts of violence, but also against suits at law, so that a third person claiming the same may be compelled to come in and ask to be examined *pro interesse suo*, if he wishes to test the justice of such claim."

In that case, it will be seen, the suit was by permission brought against the receiver in his official character. That is the usual and proper mode of presenting such claims, and permission can always be given on such terms as will protect the receiver, while affording full opportunity to the claimant to test his right. Furthermore, it brings the claimant into a court of equity, where he will be required to present his claim without unnecessary delay. In such case, the claim of the plaintiff here would have been lost by laches, if the facts alleged in the answer were established.

*Barton* v. *Barbour*, 104 U. S. 126, is a case in which a receiver was sued for an alleged tort while acting within the scope of his duties as receiver, to wit, operating a railroad. The whole subject is reviewed, and it is held that, while a receiver will be liable as a trespasser if

he goes outside of his authority as receiver, still all claims of adverse parties against him arising out of his acts within his authority must be first submitted to the court from which he receives his appointment, and that such court may either try the matter itself, or authorize a suit against the receiver.  The judge answers the objection which had been urged by some state courts that parties are thereby deprived of trial by jury in cases in which such right is guaranteed.  The case is all the more decisive because of a vigorous dissenting opinion by Justice Miller, in which he very graphically describes the enormous power which a judge draws to himself by appointing a receiver for a railroad, which may be operating thousands of miles of road, and having transactions with thousands of people every day, who in case of disagreement are compelled to submit their suits to the chancellor, or seek relief under such conditions and limitations as he may impose.

I think these cases and others cited by the respondent are all consistent with the views above expressed, and that the defendant cannot be held responsible for the goods surrendered to him by the plaintiff.

This being so, it does not appear to be necessary to hold that the order refusing to direct a redelivery of the property to plaintiff is a bar to plaintiff's right.  The court undoubtedly had the power to grant the relief sought in that proceeding.  (*Hulme* v. *Superior Court*, 63 Cal. 240.)  Whether conclusive or not, the proceeding inaugurated by plaintiff was a recognition and admission that defendant then held the property as receiver.

2. The first point has reference only to the first cause of action, and to the goods found in the store formerly occupied by the insolvents.  The second cause of action was for goods not then delivered to the receiver.  As stated in the answer, the purport of which has already been set out, these goods were the subject of a further demand, and for them it is charged the defendant as receiver brought his action of replevin, which was dis-

missed as stated.  At the trial the judgment-roll in that action was offered in evidence by defendant, and was ruled out on the objection of plaintiff.  This ruling is assigned as error.

Defendant contends that the judgment of dismissal is a bar to plaintiff's claim.  After carefully reading appellant's brief upon this point, I am still at a loss to comprehend upon what this contention is based.  Certainly there was no pretense of an adjudication.  Appellant says that as the defendant in the replevin suit set up no claim, the plaintiff had a right to dismiss the action.  Conceding that he had such right, he then elected to dismiss without obtaining an adjudication upon his right.  He obtained a provisional remedy on condition that he would prosecute his suit and obtain a final adjudication determining his right.  (Code Civ. Proc., sec. 512.)  He failed to perform this condition.  He thereby made himself a trespasser from the beginning, unless he can show title.  True, it was a breach of the condition of his undertaking, and the defendant might then have sued upon the bond for such damages as he sustained by the taking.  (*Manning* v. *Manning,* 26 Kan. 98.)  But that remedy was not exclusive.  Plaintiff was not compelled to sue on the undertaking.

As to the second cause of action, therefore, the defendant must be considered a trespasser if plaintiff succeeds in establishing his title.  Defendant, however, was in fact a receiver, and authorized to represent creditors.  As to them, it has often been held in this state that a sale made to hinder, delay, or defraud them is absolutely void, and not merely voidable.  (*Grum* v. *Barney,* 55 Cal. 254; *Humphreys* v. *Harkey,* 55 Cal. 284; *Mason* v. *Vestal,* 88 Cal. 396; 22 Am. St. Rep. 310.)

It is therefore necessary to consider some other alleged errors.

3. The defendant was allowed to put in evidence the proceedings in insolvency up to and including the adjudication, but the court excluded: 1. The petition upon which defendant was appointed receiver; 2. The

petition of the receiver for permission to sell the property, and the order of the court directing the sale; 3. The report of the sale; 4. An order approving the sale; 5. The appointment of an assignee and orders directing payment to creditors. To each ruling the appellant excepted.

There can be no question that all this evidence should have been admitted, at least down to and including the appointment of the assignee.

It was necessary to show the jurisdiction and power of the court to appoint a receiver, that a proper petition should have been presented. Of course, the defendant could not show that his acts were all official, unless he could show his official character. The court recognized this, and suggested that the plaintiff admit that a proper petition was presented. This admission plaintiff's counsel made, but defendant refused to accept it. The court, however, insisted upon it, and persisted in its ruling. A party legally entitled to certain evidence cannot be compelled to accept an admission in lieu of the evidence to which he is entitled unless the admission be as good for him as the evidence. Here it evidently was not. The petition explained the duties and power of the receiver by showing why he was appointed, and what he was expected to do, and especially it showed that the reason why a receiver was appointed was to pursue these very goods, the value of which plaintiff seeks to recover. It explains the language of the order, and shows to what it applies. It was important and proper for defendant to show that he was directed to pursue these very goods, as showing that in taking them he was acting under the direction of the court.

It was also proper to show that the property was disposed of under the direction of the court, and that the defendant did not apply it or any portion of it to his own use. To do this all the evidence above alluded to was material.

A radical mistake of the learned judge of the trial court was that the only question involved was as to the

title of the plaintiff. This is not so. Though plaintiff's title be admitted, still the defendant cannot be held in this proceeding as a tort feasor for any act within the scope of his duties as receiver, and done under the express order of the court.

4. Appellant complains of the instructions, that they are conflicting and confusing, and says: "The defendant, appellant, instead of receiving the benefit of doubts, was treated as an offender, and the fact of his being the ' hand of the court' pretty thoroughly ignored." He says the specifications in his statement sufficiently indicate the instructions objected to, and he will not repeat them in his points. The statement contains seventy-two specifications of error which occurred at the trial.

I do not think this a compliance with the rule which requires an appellant to file and serve his points. In his points the appellant should at least specifically point out the errors he relies upon, and briefly state why he deems the rulings erroneous. The instructions are numerous and voluminous, and we cannot be expected to hunt through them to find those which the general discourse of appellant may apply to.

A reading of the instructions given at the instance of the respondent shows failure to make one distinction in a matter material to appellant. For instance, the fifteenth is: "A debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand in preference to another."

Now, the property in question here was taken by a receiver appointed to aid proceedings against J. T. Wight & Co. as insolvent debtors under the insolvent act. The transfer was made only seven days before the petition by the creditors. It was contended that the plaintiff, when he purchased, knew of the insolvency, and that the sale was made to enable J. T. Wight to pay a debt due his wife in preference to the other creditors, and to prevent the property from going to an assignee in insolvency, and be ratably divided among the creditors of J. T. Wight & Co.

The insolvency was admitted. Granted the intent to prefer one creditor over another, and knowledge on the part of the vendee, the law is exactly the converse of that stated.

If it can be said that the defendant also contended that the sale was void because made to hinder, delay, and defraud creditors, the instruction would still be erroneous, for it is not so qualified as not to have application to both questions.

In several instructions this failure to discriminate between a claim that the sale was void because made to hinder, delay, and defraud creditors, and a fraudulent preference, under the fifty-fifth section of the insolvent act, is manifest. The instruction is sound law as applied to one case, but is almost the opposite of sound law as applied to the other. Defendant's claim was founded almost, if not entirely, upon the proposition that the sale was a fraudulent preference under the insolvent act. In such case the insolvent cannot, within one month before filing the petition, prefer one creditor to another; and if he makes a sale for the purpose of doing so, and the vendee is aware of the intent, the sale is void as against the operation of the insolvent act, even though the purchaser paid full value for the property, and the proceeds were applied to the payment of an honest debt.

Furthermore, the sale to plaintiff was not in the usual and ordinary course of business, and this fact appeared from the testimony of plaintiff himself. When a retail merchant, while he is engaged in business as such, and has a large stock of goods exposed for sale in that mode, transfers the entire stock in one trade, such transfer is not, and cannot be, in the usual and ordinary course of his business. The above fact, taken in connection with the other circumstances in proof, was sufficient to bring the case within the rule laid down in the insolvent act. The evidence on the subject was not conflicting. But one rational conclusion could be drawn from it upon this point, and there was no question as to the credibility of witnesses.

Thereby, on the question of fraud, the burden was shifted from defendant to plaintiff, and it was misleading, without explanation or qualification, to tell the jury that the burden was upon the defendant. Under the circumstances, the court would have been justified in charging the jury that the defendant had *prima facie* made out his defense.

Other instructions I do not deem it necessary to discuss, because of the failure of sufficient specifications.

I think the judgment and order should be reversed and a new trial had.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, and a new trial granted.     McFarland, J.,    De Haven, J.,
                                        Garoutte, J.,      Van Fleet, J.