[L. A. No. 703.   Department One.—May 12, 1900.]

## S. D. BALLOU, as Assignee, Respondent, v. ANDREWS BANKING COMPANY, Appellant.

INSOLVENCY—ACTION BY ASSIGNEE—FRAUDULENT TRANSFER.—An action may be maintained by an assignee in insolvency of a copartnership to recover property fraudulently transferred by the insolvents within one month before the filing of the petition in insolvency.

ID.—TRANSFER OUT OF COURSE OF BUSINESS—NOTICE OF INSOLVENCY—PRIMA FACIE EVIDENCE OF FRAUD—BURDEN OF PROOF.—An assignment by a copartnership firm doing business as retail merchants of the accounts, books, journals, ledger, and blotters of the firm to a father in law of one of the partners, residing in another county, is not made in the usual and ordinary course of business of the firm, and is notice of its insolvency, and prima facie evidence of fraud, which throws the burden of proof upon the defendant to show that the transfer was in good faith and not fraudulent.

ID.—ABSENCE OF EVIDENCE TO OVERCOME PRESUMPTION—RECOVERY BY ASSIGNEE AGAINST SECOND TRANSFEREE.—In the absence of evidence to overcome the presumption of fraud, raised by the prima facie case made by the transfer out of the ordinary course of business, the assignee is entitled to recover the property so transferred by the insolvent firm against a second transferee thereof, who took ·from the original transferee by transfer entered on the ledger on the same page with that of the original transfer, and with actual notice of the insolvency of the firm, and who applied the property so transferred on the indebtedness of the firm to such second transferee.

ID.—VOID TRANSFER—TITLE OF SECOND TRANSFEREE.—Where the original transfer is void as against the creditors of the firm, a second transferee of the property taking it from the first transferee can take no greater title than that held by the first transferee.

ID.—INTENTION OF TRANSFER—REFUSAL OF INSTRUCTIONS.—It is proper to refuse instructions to the effect that if, at the time of the transfer by the firm, it was not intended for the defendant, plaintiff should recover, where the circumstances in evidence indicate that defendant was aware of the fraudulent intent of the firm in making the transfer, and there is no evidence that it was not intended for the defendant.

ID.—INSTRUCTIONS AS TO FACTS KNOWN TO JURY—PRESUMPTION.—The jurors must be presumed to have ordinary common sense and intelligence, and could not reasonably be misled to believe from an instruction that they will "consider all the facts and circumstances by which the parties were surrounded" at the time they made the assignment, "so far as known to them," that

they had the right to consider any facts not proven in the case before them.

ID.—INSTRUCTION AS TO BELIEF OF JURY.—An instruction directing the jury that if they "believe" certain facts, then they should find for the plaintiff, is not misleading, where the context shows that it clearly meant to refer to facts which might be found by the jury, and the court elsewhere instructed the jury at appellant's request that if there is no testimony to support any fact alleged in the complaint, such fact should be found for the defendant.

ID.—INSTRUCTION AS TO TRANSFER OF "ALL" BOOKS—APPLICATION TO EVIDENCE.—An instruction that a transfer by a retail merchant of all his books of account, and the accounts therein, is not in the usual and ordinary course of business, is correct, and is applicable to evidence showing an assignment of a ledger, "and each and every account therein contained, together with the blotters and journals and other books of account" of the firm "from which said accounts are taken and made."

ID.—TRANSFER OF PART OF BOOKS—COURSE OF BUSINESS.—A transfer of part of the books of a retail merchant would not be in the usual and ordinary course of business.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion.

William Shipsey, for Appellant.

F. A. Dorn, for Respondent.

COOPER, C.—Plaintiff as assignee of "Greenberg Brothers," a corporation, brought this action to recover of defendant the value of certain assets and book accounts alleged to have been fraudulently transferred to defendant within one month prior to the filing of the petition in insolvency. The cause was tried by a jury and a verdict rendered in favor of plaintiff for one thousand and fifty-two dollars and eighteen cents. Judgment· was accordingly entered. This appeal is from the judgment and an order denying defendant's motion for a new trial.

The principal point urged here is that the evidence is not sufficient to sustain the verdict. We think, after a careful consideration of the evidence, that the verdict is supported by it. The copartnership of "Greenberg Brothers" was composed of

two brothers, M. Greenberg and L. J. Greenberg, who, in the copartnership name, had, for more than one year prior to March, 1895, been carrying on a retail grocery store in the city of San Luis Obispo. B. Schwartz is the father in law of M. Greenberg, one of the copartners, and resides in the city of San Francisco. In the early part of the year 1894 the copartnership borrowed from defendant nine thousand dollars, giving two promissory notes therefor, both signed by said B. Schwartz as surety. In the latter part of February, 1895, there was unpaid upon said promissory notes about eight thousand dollars, and defendant, having reason to believe that the copartnership was insolvent or in failing circumstances, telegraphed to said Schwartz at San Francisco that it would be necessary to look to him for payment of the said indebtedness. Immediately after the receipt of this telegram, on the second day of March, 1895, the said copartnership made a transfer in writing, on page 1004 of their ledger, to said Schwartz, of the book or ledger and each and every account therein, and all sums of money due the firm, together with the blotters, journals, and other books of account of said firm, which transfer was signed "Greenberg Brothers." On March 18, 1895, the said firm, upon petition then filed, were adjudged insolvent. The transfer was therefore made within one month before the petition in insolvency was filed. (Insolvent Act 1880, sec. 55.) The assignment, being of all the accounts, books, journals, ledger, and blotters made by merchants in the retail grocery business in San Luis Obispo to the father in law of a member of the firm residing in San Francisco, was not made in the usual and ordinary course of business of the copartnership. (*Washburn v. Huntington*, 78 Cal. 575; *Matthews v. Chaboya*, 111 Cal. 437.) The transfer, not having been made in the usual and ordinary course of business, was *prima facie* evidence of fraud. (Insolvent Act 1880, sec. 55; *Haas v. Whittier*, 97 Cal. 418.) This shifted the burden of proof upon defendant to show that the transfer was in good faith and not fraudulent. (*Tapscott v. Lyon*, 103 Cal. 313.) The transfer, not having been made in the usual and ordinary course of business, was sufficient to charge the purchaser with notice of the insolvency of the copartnership. (*Ohleyer v. Bunce*, 65 Cal. 547; *Matthews v. Chaboya, supra*.) This *prima facie* case

entitled plaintiff to recover unless the fraudulent presumption arising from the facts was overcome by competent evidence. Schwartz was not placed upon the stand by defendant, nor was either member of the insolvent copartnership. The evidence does not show the object of, nor the consideration for, the transfer of March 2d to Schwartz. It is insisted that there is no testimony in the record tending to show that the transfer to Schwartz was for the benefit of defendant.

The defendant had personal knowledge of the insolvency of the copartnership in the latter part of February, 1895, when it telegraphed to Schwartz. Schwartz then had the transfer made on the ledger as hereinbefore stated.

For some days prior to March, 23, 1895, Schwartz was in San Luis Obispo and was in and out of the place of business of the defendant with the copartners and their attorney several times. The books were taken to the place of business of defendant on March 23, 1895, and there, on the same page of the ledger and under the assignment made to Schwartz, a written assignment was made by Schwartz to defendant of "the books and accounts in the above assignment mentioned," and the assignment further provided that "the moneys collected thereon to be credited on and be applied toward the payment of the promissory note of M. Greenberg and B. Schwartz now held by said Andrews Banking Company."

There does not appear to have been any consideration paid by Schwartz to said "Greenberg Brothers" for the accounts, nor were they indebted to him in any manner. He was then surety on the notes held by the defendant, and the assignment was made to defendant on the same page of the ledger and within one month prior to the filing of the petition in insolvency. The defendant, with full knowledge of the insolvency of the copartners, took the accounts and books and applied the same on the indebtedness of the firm. It certainly seems to us that the defendant, knowing all these facts, taking the assignment under the one made to Schwartz on the same page of the ledger, for the purpose of being applied on the Greenberg Brothers' indebtedness, in the presence of the attorney for "Greenberg Brothers" must be held to have ratified the original assignment to Schwartz and to have taken the transfer

with reasonable cause to believe it was made for the purpose of giving them a preference. In any event, under the circumstances, the transfer to Schwartz being void, the defendant took no greater title than Schwartz had. (*Hobart v. Tyrrell,* 68 Cal. 12; *Brown v. Bank of Napa,* 77 Cal. 544.)

The defendant must be held under the circumstances to have been aware of the intent of Greenberg Brothers in making the transfer. Under such circumstances, the sale would be void as to defendant even if it had paid full value for the property. (*Tapscott v. Lyon, supra.*) If the transfer in this case should be held valid, it would be almost impossible for an assignee in any case to recover property transferred in violation of said section 55. Fraud is difficult to prove, and in most cases inferences must be drawn from the facts and circumstances capable of proof. The jury had before it the facts and circumstances, and it had the right to draw all natural and logical inferences from such facts and circumstances in order to determine the one fact as to whether or not the transfer was made with a view to give defendant a preference. Defendant insists that it was error in the court to refuse the instructions numbered 6 and 7 requested by it. The instructions were to the effect that if at the time of making the transfer of March 2d to Schwartz the transfer was not intended for defendant, the plaintiff cannot recover. We think the instructions were properly refused. The reasons hereinbefore given demonstrate the vice of the instructions. Besides, there is no evidence in the record that the assignment was not intended for defendant, and the facts in evidence would not have justified the jury in drawing such an inference. It was not error to give plaintiff's instructions numbered 1 and 3. If the law is as we have endeavored to show herein, then the instructions were proper and applicable to the testimony before the jury. The giving of plaintiff's instruction No. 4 is alleged as erroneous for several reasons. It is said that the jury were instructed that they "will consider all the facts and circumstances by which the parties were surrounded so far as known to them"; and that by this instruction the jury were given a roving commission to guess at the facts and circumstances outside the evidence. The instruction is almost a literal copy of one given in *Haas v. Whittier,* 97

Cal. 414, and is correct. The words objected to referred to the previous words in the instruction "at the time they made the assignment," and the jury could not have reasonably believed that they had the right to consider any facts and circumstances not proven in the case before them. The jurors may be assumed to have ordinary intelligence and good sense. (*Davis v. McNear*, 101 Cal. 608.)

The instruction is criticised because the jury are told "if you believe [certain things] then you should find for the plaintiff." The word "believe" as used in the instruction could not have misled the jury. Taken in connection with the context, it clearly meant that if the jury should find certain things, etc. The court, at the request of defendant, elsewhere instructed the jury that: "If there is no testimony to support any one of the facts alleged in the complaint, then, as to such fact, you must find against plaintiff and in favor of defendant." Instruction No. 7 given at the request of plaintiff is claimed to be error, for the reason that there is no evidence in the record that the books transferred were all the books of Greenberg Brothers. The portion of the instruction in which the word "all" is used is as follows: "Where a retail merchant transfers and assigns all his books of account, together with the accounts therein, such transfer is not in the usual and ordinary course of business." The instruction contains a proposition of law that is not criticised, and does not mention all the books of "Greenberg Brothers." If a retail merchant transfers all his books it would not be in the usual and ordinary course of business. If "Greenberg Brothers" transferred a part of their books, such transfer was not in the usual and ordinary course of business. But we think the evidence was such that the jury might have found that the transfer was of "all the books of account" of "Greenberg Brothers." The written assignment contained the description, "This book or ledger and each and every account therein contained, together with the blotters and journals and other books of account of Greenberg Brothers from which said accounts are taken or made." And the president of defendant in his evidence said, in speaking of the books: "These were the books of account that Greenberg Brothers formerly had in their business."

Other instructions and portions thereof are criticised, but the objections pointed out are exceedingly hypercritical. It would serve no useful purpose to notice them in detail. We have discussed the ones that appear to us the most plausible, and, we think no instruction was given that could have misled the jury to the injury of defendant. Taking them as a whole, they fully and fairly stated to the jury the law applicable to the facts proven.

We advise that the judgment and order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.,