[Civ. No. 5347. Second Appellate District, Division Two.—June 24, 1929.]

AMERICAN MULTIGRAPH SALES COMPANY (a Corporation), Appellant, v. CHARLES W. CRADICK COMPANY (a Corporation), Respondent.

John A. Wallis for Appellant.

Charles W. Cradick for Respondent.

THOMPSON (IRA F.), The plaintiff instituted a claim and delivery action against defendant; gave bond as required and commanded the sheriff to take the personal property described in the complaint. Upon failure of the defendant to post a redelivery bond the sheriff, who had seized the property, delivered it to the plaintiff. The defendant interposed a demurrer to the complaint which on September 14, 1925, was sustained. Instead of amending his pleading the plaintiff, on the same day, filed a dismissal of his action with the clerk. Thereafter and on September 28, 1925, the court below entered a judgment of dismissal which provided that defendant have and recover his costs "taxed at $——." Subsequent to the date of this judgment and on February 2, 1926, the court below amended its judgment of September 28, 1925, adjudging, among other things, "that defendants receive back that certain property taken from them by the sheriff (describing it) or, in the event such delivery cannot be had, the value thereof, to-wit: four hundred twenty dollars together with the sum of one hundred dollars as damages for the taking and the withholding of said property." It is from this judgment that plaintiff prosecutes this appeal.

The facts which we have recited are taken from the appellant's brief under the authority of rule V of the rules for the Supreme Court and District Courts of Appeal, the respondent having failed to file any reply brief although the opening brief was filed in this court more than two years ago.

Subdivision 1 of section 581 of the Code of Civil Procedure provides that an action may be dismissed "By the plaintiff, by written request to the clerk, filed with the papers in the case, at any time before the trial, upon payment of his costs; provided a counterclaim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant. If a provisional remedy has been allowed, the undertaking must thereupon be delivered by the clerk to

the defendant, who may have his action thereon.'' Section 520 of the same code provides that the notice, undertaking and affidavit originally handed to the sheriff, together with his proceedings thereon shall be delivered to the clerk within twenty days after the property is taken. That the plaintiff here sought and was allowed a provisional remedy there can be no doubt. That the first-quoted section provides a manner and method whereby the defendant may obtain relief in such a case as this is equally free from doubt. That the defendant would also have an action against the plaintiff for the wrongful taking and conversion of the property is the holding in *Tapscott* v. *Lyon,* 103 Cal. 297 [37 Pac. 225], involving a similar dismissal after answer filed. But it must be apparent that after the dismissal of the action the court was without authority to render a judgment in favor of the defendant, for the reason that nothing was therein pending.

Judgment reversed.

Craig, J., concurred.

Works, P. J., being absent, did not participate in this opinion.